The Chief Justice
delivered tbe opinion.
This was an action of ejectment. The declaration and the Under written notice were served or. the tenants in possession, on the 29th of December, 1815. The declaration Contained two counts. The first was on the demise of Richard Taylor, Hancock Taylor, and John Kerr; ahd the second on the demise of George It. C. Floyd. On the Second of May, 1837, after tbe tenants had appeared and plead, a third count was added, by way of amendment, to the declaration On the demise of George It. C. Floyd and John 'Floyd.
On the trial of tbe cause, there were produced in evidence, on the part of the plaintiff, a patent from lb« com *19 saocwealth to John Floyd, deceased, for 1400 acres; the will of said Floyd containing a devise of Hie said tract ot 1409 acres to his son John Floyd, and a deed from the lat-lcr to George R, C. Floyd, purporting to convey to him “the balance” of said trad of 1400 acres. The defendants held under a patent for four hundred acres, younger than that under which the plaintiff claimed, and interfering therewith; and they proved that some of them had been in possession for about twelve years prior to the trial of the, cause, which was in May, 1819.
In c-j ic.tn-.’i. a declaration may be amended after issue join' d,by introducing:! new claim— but such in traduction lias no relation back to the service of notice, but the suit as to tin new claim originates with filing ihe amend-
On a joint ^rmse, n-e joint, or puts cannot rec»-vei'-
The defendants moved the court to instruct the jury — - 1st, That unless the plaintiff shewed what was the balance of the tract conveyed by John to George Floyd, and that the balance, so conveyed, included the land held by the defendant, they must find for the defendants: and 2dly, That if they believed that tbe defendants have a regular claim to the land in contest, and have been in possession more than seven years before this suit was commenced, they must find for tbe defendants. The court refused to instruct the jury as asked, on either of the points; to which tbe defendants excepted; and judgment having been rendered against them, they have appealed to this court.
In examining the correctness of the decision of tbe circuit court upon the first point on which instruction was asked for by the defendants, it is material to premise, that there was no evidence produced in support of the title of the lea* sórs named in the first count of the declaration, or either of them; and that as the third count was on the joint demise of George and John Floyd, it could only have been supported by shewing a joint title in them both; and it cannot be pretended that there was any such title shewn on the trial. If, then, the plaintiff ivas entitled to recover at a!!, it must have been under tbe second count, which was on the demise of George Floyd.
Whether the plaintiff ought to have recovered on that count, depends upon the effect of the conveyance from John to George Floyd of “the balance” of the tract of 1400 a*
The term “balance,” has, in law, no technical signification. It is, however, a word which is in popular use. In its literal import it ¡á, perhaps, only applicable to weights; but it. is frequently, in a figurative sense, applied to ether things In this sense we speak of the balance of an account-, and we may, no doubt, in tbe same sense, and with *20 the same propriety, speak of the balance of a tract ofland.
A pl’tf ia ejf’ctrr.ent, claiming mi-de!' a deed conveying “the balance of a fi'act of ■ land,” must shew m Hat balance is, and when situate, or In cannot recover.
The commencement of an ejectment is the service of notice, and the 7 years’ limitation does not apply to ejectments brought before (he 1st Jan. 1816.
Bol i be word when thus used evidently does not signify the whole thing of which we speak. It always implies that there is something to be deducted or subtracted; and it is only applied to signify what remains after (he deduction or subtraction is made. Nor is the tern» balance ever used to signify any precise quantity or definite proportion of a thing, it is equally applicable to a small as to a large quantity or proportion The conveyance, then, from John to George Floyd, “of the balance of the tract of 1400 acres,” cannot be understood to be a conveyance of the whole tract, but of a part only, which, from the signification of the term, is indefinite, and may be more or les', as the quantity deducted or subtracted is more or less. It was consequently necessary for the plaintiff to shew what the balance was which was conveyed from John to George Floyd, and that it included the land in contest, to tntitle him to recover under the count on the demise of George Floyd; and as he did not shew himself entitled to recover tinder either of the other counts, the circuit court erred ia not instructing the jury as asked by the defendants, on the first point.
From the view which we have taken of this branch of the ease, it is only necessary for us to speak hypothetically cf the decision of the circuit court upon the second point on which the defendants asked for instruction.
If the plaintiff had given evidence in support of cither the first or second count in the declaration, there could have been no doubt of the correctness of the decision. The request to instruct the jury on this point, most have been predicated on the act to compel the speedy adjustment of land claims, 4 Littell, 6. But that act docs not operate to bar an action commenced prior to the first day of January, 1816, and the action in this case, as it relates to those two counts, must be understood to have been commenced the 29th of December, of the preceding year, when the declaration and notice were served upon the tenants in possession, For, although the declaration and notice originate with the party, and the action cannot be said to be depending until an entry is made of it in court, yet, when that is done, it will have relation to the time of the service of the declaration and notice, as the commencement of the action; for the entry of the suit in court recognises the service of the declaration and notice, and is predicated upon it.
*21 But if the plaintiff had given evidence of title, is support of the third count, we would have thought the court ought to have instructed the jury as asked by the defendants.
For that count, which claims the land under a different title, from any which had before been claimed by the plain - tiff, was added after the first day of January, 1816; and the'aetion, in relation to that count, must be considered as dating its commencement from the time of filing the count.
Judgment reversed with costs, and the cause remanded for new proceedings, not inconsistent with the foregoing opinion.