•Judge Hise
delivered the opinion of the Court.
This is an action of ejectment, instituted in the Harrison Circuit Court in March, 1848. On the several demises in the declaration in the names of William A. Withers and the heirs of Napoleon B. Coleman, deceased, as lessors of the plaintiff. At the September term, 1849, of the Pendleton Circuit Court, to which the case had been removed, James Curtis, the husband of Drucilla Curtis, formerly Coleman, and one of the heirs of N. B. Coleman, deceased, for himself, and as agent of the said heirs, filed his affidavit, stating that his and the other names of the said heirs were inserted in the'declaration as lessors of the plaintiff, without their knowledge or consent, and wholly-without authority, and they move to have their names expunged and struck from the declaration; whereupon the Court, upon the failure of W. A. Withers to make a sufficient or satisfactory response to a rule to show by what authority their names were used by him, ordered them to be stricken out of the declaration, and that the suit should be no further prosecuted in the names of the heirs of N. B. Coleman. The suit progressed thereafter in the name of W. A. Withers, as the sole lessor of the plaintiff, and at the March term, 1850, of the Pendleton Circuit Court the suit was tried, and there was a verdict found and judgment rendered in favor of the defendant. The plaintiff, whose motion for a new trial was overruled, has appealed to this Court.
The plaintiff claims under a patent from the Commonwealth of Virginia to David Jameson for 5000 acres of land dated the 9th of May, 1792.. The last *344 link in - his chain of title is a deed of conveyance fro’rrt Jesse Henry, deputy sheriff of Harrison county, to Wil1 liam A. Withers, dated on the 16th of April, 1845. Iii 'the preamble to this deed it is recited, that in virtue of a certain execution-, (therein described-,) “He levied the samé on all the un&dld land Within the patent claim of David Jameson’s 5000 acres, supposed to be one thousand 'one hundred a'cres m'ore or less-,” as the property 'of th'e defendants in the execution, Who were the heirs 'of N-. Ri Coleman-, deceased-, and which had descended to them from 'theii1 ancestor; that W. A. Withers be-‘cattie the purchaser thereof for $20; in consideration Whereof, he conveys to said Withers '“all that tract or parcel of land lying' ioithin the patent claim of David •Jameson for 5000 acres of land situated in Hamsort "county, in the State aforesaid, to which N. B. Coleman, 'at the time of his death, was entitled, supposed to be Í100 acres-.”
Unless the plaintiff has shown title to the lánd ill "controversy, which was occupied 4nd claimed by defendant by virtue -of this deed-, his action could not be •maintained, and the verdict of the jury and judgment "Of the Court was properly given agáinst him-.
The execution described in the deed of the deputy "Sheriff, was on the 16th September-, 1837-, “levied On 'llOQ acresof land in Harrison county, to be sold Osto-bei 9th, 1837.” No other description is given of the 'land levied on, than that in quantity it was just one '■thousand óne hundred acres, and that as to its location-, lit lay in the county of Harrison.
The sheriff further returns on said execution that he “sold, and Joshua Bean became the purchaser of, 449 ;acres of land, and failed to comply with the conditions of sale, and levied again-, to be sold November Court, October 24, 1837-.”
Again the sheriff returns -on said execution-, “ that he ¡sold, agreeable to advertisement-, and Wm. A-. With1 érs -became the purchaser of, all the land for $20, No *345 property found, to make the balance. November 18th, 1837.”
A return by sheriff, upon an execution levied on all the unsold land, within the patent of David Jamesons 5000 acres, supposed to be 1100 acres more or less, and a sale and conveyance, “of all that tract or parcel of land lying within the patent claim of David Jameson for 5U00 acres of land situated in Harrison county in the State aforesaid, t 0 which N. B. Coleman, at the time of his death was entitled, supposed to be 1100 acres,” is not such descrip tion, as will authorize a recovery in ejectment without farther identification, & proof of what was sold, and the position of the 1100, and the remaining 3500 acres, constituting the 5000 acre tract.
If it be granted that the levy in this instance is sufficient, and not void for uncertainty, yet it must follow that the sheriff could not, and as it must be presumed, did not, sell to Withers more land in quantity than 1100 acres. The quantity of land being 1100 acres, and its location in Harrison county, as stated in the officer’s return of his levy, is all the description which is given, by which to identify the land levied upon; so that Withers was only entitled, by the sale and purchase, as the same is reported by the officer’s return thereof, indorsed upon the execution, to 1100 acres of land in Harrison county. If the number of acres, as stated in the return made of the levy, is to be regarded as merely descriptive of the particular tract of land levied upon and sold, and as tending to supply sufficiently the entire absence of any other kind of description, such as might be given by stating in the return in whose name it had been entered, surveyed or patented, or to whom it had been conveyed; yet it must be taken that the sheriff sold, and Withers bought, either a tract of land in Harrison county, so denominated as an 1100 acres survey in some deed, patent, entry, or survey; or otherwise, that he sold, and Withers purchased, precisely 1100 acres out of some larger tract of land. And waiving the question as to whether such levy,sale, and sheriff’s conveyance in pursuance thereof, would or would not be void on the ground of uncertainty as to what particular land was sold; and waiving the question as to whether the sheriff’s deed in this case is or is not null and void, on the grounds that a sheriff has no right to sell any other or more land than that he has levied upon, or that he has no right to convey to the purchaser any other or more land than that which was actually sold and purchased, or because the land described in the deed does not appear to be the same land purchased at the sale or levied on by the sheriff; let it be assumed that the land levied upon, and purchased *346 by Withers at the sheriff’s sale, is the same land described in the sheriff’s deed, although, that it is the same, cannot be ascertained from the sheriff’s returns of said levy and sale, yet it is manifest the sale and conveyance was only for one thousand one hundred acres of land, (and as appears only from the deed for the first time) lying within a survey of land patented to David Jameson for jive thousand acres. Now as neither the levy, sale or conveyance gives any sort of description, by metes or bounds, of the 1100 acres of land lying within Jameson’s patent, or by stating whether it lies on the north or south end, or the east or west side of said 5000 acre survey, and as it is apparent, from the conveyance itself, that the land conveyed was only the unsold land within Jameson’s patent, supposed to be 1100 acres, and the title to which remained in N. B. Coleman at his death, how, in the absence of any proof whatever, can it be assumed or known that the land in contest, and in possession of the defendant, (though it be admitted that it is embraced within the limits of Jameson’s 5000 acre survey,) is embraced within the plaintiff’s claim, and not embraced within that part of said survey consisting of 3900 acres which had been sold off before Coleman’s death? The unsold land remaining in D. Jameson’s survey, after N. B-Coleman’s death, is assumed in the deed to be 1100 acres, more or less. The quantity that had been previously sold off, therefore, must have been about 3900 acres.
Where a conveyance is of all the unsold land in a particular traci, and ejectment is brought, plaintiff claiming under such a conveyance. It is incumbent up on him, to show that the land claimed, was not previously sold: (6 Litl. 2,-81, 3 A. K. Marshall 20.)
Now, it was incumbent on the plaintiff, in order to give location to the 1100 acres conveyed to him, to show by proof the position within the survey of the 3900 acres which had been sold off in Coleman’s lifetime. That at least that much of the survey had been sold and conveyed to others in Coleman’s lifetime is manifest, and the plaintiff could not deny it because, 1st. But 1100 acres of. land was levied upon by the sheriff. 2d, Because plaintiff bought but 1100 acres of land at the sheriff’s sale, and the sheriff had no *347 right to convey him any more. 3d. Because the sher-‘ iff’s deed to Withers is for 1100 acres, more or less, out of Jameson’s 5u00 acre survey, (if for more, it is void as to the excess, at least,) assuming and explaining therein that the residue thereof 3900 acres had been previously, in N. B. Coleman’s lifetime, sold off. Now, the defendant’s claim and possession may be embraced* not within the plaintiff’s 1100 acres of unsold land, but within the limits of the parcel or parcels of said.survey which had been sold off by Coleman, in his lifetime, or by others previous to his death. There was no proof introduced, of any sort, showing the position of that part of the 5000 acre survey reserved bjf the sheriff’s deed; consequently it could not be known in what part or where therein the 1100 acres should be, or was located; and of course it was not shown, and did not appear, that the plaintiff’s claim embraced the land in dispute, or that the same was not in fact included within the specified reservation.
The case of Madison's heirs vs Owens, 6 Littell’s Select Cases, 281, and the case of Taylor, &c. vs Taylor, &c., 3 A. K. Mar. 20, are referred to, as sustaining the views taken by the Court with respect to the question here presented. The result would not have been more favorable to the plaintiff, had he been allowed to retain the names of N. B. Coleman’s heirs, in the demise, as lessors of the nominal plaintiff, because Coleman’s heirs, to show title, would have to rely on the deed from Thomas Triplett to their ancestor N. B. Coleman, which conveys only such portion of the land in David Jame-son’s 5000 acre survey as remained after excluding such parts as said Coleman had previously sold as said Trip-lett’s agent; so that under this conveyance, upon the proof as presented in the record, the same obstacles would have prevented a recovery on the demise of Coleman’s heirs.
Several other interesting and important questions are presented in the instructions, and upon the facts exhibited in the record, which will not be now considered. *348 as upon the ground already noticed, the judgment of the Circuit Court is affirmed.
Wall and Withers for appellant; Payne, Harlan and Trimble for defendant.