CASE 62.—PROCEEDING BY THE COMMONWEALTH AGAINST THE KENTUCKY UNION COMPANY TO FORFEIT LAND OWNED BY DEFENDANT FOR NON-POYMENT OF TAXES.—March 25.

# Kentucky Union Co. v. Commonwealth

. Appeal from Leslie Circuit Court.

H. C. FAULKNER, Circuit Judge.

From a judgment forfeiting the land and authorizing its sale by the Commonwealth defendant appeals— Reversed.

1. Taxation—Forfeitures and Penalties—Power to Impose.—Acts 1906, p. 115, c. 22, art. 3, requires the owner or claimant of land to pay all taxes assessable against him as of the years 1901-1905, inclusive, and makes his failure to do so a cause of forfeiture to the Commonwealth, which forfeiture may be extinguished by having the land assessed within a certain time. The act also provides the ascertainment of unpaid taxes on application of the owner, for proceedings of forfeiture, and for purchase back by the owner within a certain time, and vests title to land proceeded against, and not re-purchased by the owner, in any person having adverse possession for five years and paying taxes thereon, and provides for the sale of land vesting in the Commonwealth. Held, that the act was constitutional.

2. Same—Penalties for Nonpayment of Tax—Validity.—Acts 1906, p. 115, c. 22, art. 3, forfeits all land to the Commonwealth for the failure of the owner to list it and pay the taxes

thereon for certain years, and expressly provides that each provision shall stand by itself, and the invalidity of any part shall not affect the validity of the remainder.  Held that, it being competent for the Legislature to provide that the amount to be paid to prevent forfeiture should be the taxes, even if the act provided a different and heavier penalty than the laws in force during the years included by the statute, the additional penalties only will be void, leaving the remainder of the act operative.

3. Constitutional Law—Ex Post Facto Laws.—The act is not an ex post facto law, the failure to list in the years 1901-1905 not working a forfeiture; the forfeiture resulting from a failure to do so after the passage of the act within the time provided therefor.

4. Taxation—Forfeitures and Penalties—Forfeiture of Land Delinquent—Proceedings—Pleading—Petition—Sufficiency.—Acts 1906, p. 124, c. 22, art. 3, sec. 6, provides that where land is forfeited to the State for nonpayment of taxes, as provided therein, all title so forfeited, and not purchased back by the owner, is vested in any person having adverse possession for five years, and paying the taxes thereon.  It also provides that a deed to the purchaser shall transfer such title so forfeited · to the Commonwealth as remains in it after the operation of section 6.  Held, in proceedings to forfeit land under the act, that it was not necessary that the petition allege what part, if any, of the land proceeded against was held by the occupants under section 6, since the purchaser from the Commonwealth, and not the occupant, will be required to show that the land purchased by him was not in the excluded class.

5. Ejectment—Evidence—Sufficiency.—A person seeking to recover land under a deed which does not convey all of the land within the boundaries described must show that the land claimed is within the boundaries and without the exclusions.

6. Taxation—Forfeitures—Sale of Land Forfeited—Manner of Sale.—Since, after final judgment of forfeiture of land to the Commonwealth, under Acts 1906, p. 115, c. 22, art. 3, providing for the forfeiture of land for nonpayment of back taxes, the principal purposes to be served is the interest of the Commonwealth, and, as it might be desirable or necessary to sell only certain parts of the tract, the court should prescribe what parts thereof shall be sold, and a judgment authorizing the sale of the tract as a whole, or in parcels to suit the purchaser, was erroneous.

7. Same—Proceedings for Enforcement—Sale—Time of Sale.—
   Acts 1906, p. 115, c. 22, art. 3, provided for the forfeiture of
   land on failure of the owner to pay the taxes thereon for
   certain years within a certain time, and section 4 (page 121)
   provided that the owner should be entitled to purchase back
   the land so forfeited before or during the term of court next
   succeeding the term at which judgment of forfeiture was
   entered. Held, that a judgment of sale of land so forfeited
   at the term at which the judgment of forfeiture was entered
   was void, as precluding the owner from exercising his right
   to repurchase.

8. Champerty and Maintenance—Grants of Land Held Adversely
   —Grants by State.—Acts, 1906, p. 115, c. 22, art. 3, provides
   for the forfeiture of land to the Commonwealth for nonpay-
   ment of taxes, and for a sale thereof by the Commonwealth
   after forfeiture, and section 3 provides that no title, claim,
   or possession, or continuity thereof, whether claimed by de-
   fendant or others, shall be forfeited or affected by the sale,
   and section 4 (page 121) provides that no person, except a
   defendant, as herein provided, shall purchase back the title
   forfeited, except such defendant as may, but for the for-
   feiture, establish a title in himself sufficient to maintain
   ejectment. Held, That the act did not repeal or affect the
   statute against champerty, and did not take the plea of
   champerty from an occupant of a part of the tract sold, in
   whom the title forfeited to the Commonwealth was vested in
   certain cases, since a purchaser under the act took title
   subject to the claims of others.

9. Judicial Sales—Title of Purchaser.—The rule of caveat emptor
   applies to sales of real property under a decree of court.

## ON REHEARING.

1. Constitutional Law—Obligation of Contract.—The Virginia
   Compact provided that all private rights and interests in lands
   over which Virginia surrendered sovereignty derived from the
   laws of Virginia should remain valid and secure under the laws
   of the proposed State of Kentucky. Held, that Acts 1906,
   p. 115, c. 22, relating to taxation of lands in the State, is
   not violative of Const. U. S. art. 1, section 10, as impairing
   the obligation of the compact with Virginia.

2. Same—Due Process of Law.—Acts 196, p. 155, c. 22, art. 3,
   section 1, makes it the duty of an owner or claimant of land
   to pay all the taxes which have been or should have been

Kentucky Union Co. v. Commonwealth.

assessed against him as of the years 1901-1905, inclusive, and provides that failure to list for assessment or failure to pay the taxes charged for any of such years shall be cause for forfeiture to the Commonwealth of his title, which cause shall be extinguished if the owner shall cause the land to be assessed for taxation before March 1, 1907. Held, that the statute is not violative of the fourteenth amendment to the federal Constitution, in that it deprives the owner of his property without due process of law.

3. Same—Equal Protection of the Law.—The statute does not deny to some persons the equal protection of the law.

4. Same—Ex Post Facto Laws.—The statute is not violative of Const. U. S. art. 1, c. 1, section 10, denying the right of any state to pass an ex post facto law.

5. Taxation—Statutes—Interest.—Acts 1906, p. 115, c. 22, art. 3, makes it the duty of an owner or claimant of land to pay all the taxes which have been or should have been assessed against him as of the years 1901-1905, inclusive, and provides that a failure to list for assessment or failure to pay the taxes charged for any of the years shall be cause for forfeiture to the Commonwealth of his title, which cause of forfeiture shall be extinguished if the owner shall cause the land to be assessed for taxation before March 1, 1907. Held, that, in so far as the statute requires payment of interest and penalties for the years 1902-1906, it is inoperative, and the delinquent for such years should only be required to pay taxes without interest or penalties, but the elimination of such interest and penalties does not affect the other provisions of the article.

WM. B. DIXON and LOUIS B. WEHLE for appellant.

POINTS AND AUTHORITIES.

1. The forfeiture act of 1906 is an utter and abject failure as a revenue raiser, or title quieter.

2. If valid, it virtually repeals the champerty statute and will create speculation anew in worthless titles, and a plague of litigation in Eastern Kentucky.

3. Fortunately for the State it is ex post facto and void.

AUTHORITIES CITED.

Campbell v. Thomas, 9 B. Mon., 82; Farmer v. Lyons, 81 Ky., 321; Hoke v. Commonwealth, 79 Ky., 567, 581; Shaw v. Robinson,

Kentucky Union Co. v. Commonwealth.

23 Ky. Law Rep., 998; Muir's Administrator v. Bardstown, 190
23 Ky. Law Rep. 998; Muir's Administrator v. Bardstown, 120.
U. S., 404; McClure v. Maitland, 24 W. Va., 561; Calder v. Bull,
3 Cranch, 386; Kring v. Missouri, 107 U. S., 221 (249); Fletcher
v. Peck, 6 Cranch, 87; Cummings v. Missouri, 4 Wallace, 277.

IRA FIELD and JAS. H. JEFFRIES for appellee.

## AUTHORITIES CITED.

Acts 1906, c. 22, art. 3; Senate Journal 1906, pp. 141 to 161
and 1596 to 1599; House Journal 1906, pp. 1689 and 1690; Cooley's
Constitutional Limitations, 6th Ed., c. 11, p. 447 and c. 14, p. 587
and cases cited; McCulloch v. Maryland, 4 Wheaton 316, 428-430;
Providence Bank v. Billings, 4 Peters, 514-561; Kirtland v. Hotch-
kiss, 100 U. S., 491; Board of Education v. McLandsborough, 36
O. St., 227; State v. Board of Education, 38 O. St., 3; Kirby v.
Shaw, 19 Pa. St., 258; Sharpless v. Mayor, &c., 21 Pa. St., 147;
Weister v. Hade, 52 Pa. St., 474; Wingate v. Sluder, 6 Jones,
(N. C.) 552; Herrick v. Randolph, 13 Va., 525; Armington v.
Barnet, 15 Vermont, 745; Thomas v. Leland, 24 Wendell, 65;
People v. Mayor of Brooklyn, 4 N. Y., 419; Portland Bank v.
Apthorp, 12 Mass., 252; Western Union Tel. Co. v. Mayer, 28
O. St., 521; Cooley on Taxation, 1st Ed., p. 376; Black on Tax
Titles, 2nd Ed., c. 32, secs. 492 to 501; Terry v. Anderson, 95
U. S., 628; Terry v. Tugman, 92 U. S., 156; Hawkins v. Barney,
5 Peters, 451; Jackson v. Lamphire, 3 Peters, 280; Sohn v. Water-
son, 17 Wall., 596; Christmas v. Russell, 5 Wall., 290; Sturgis
v. Crowninshield, 4 Wheat., 122; George v. Gardner, 49 Ga., 441;
Samples v. The Bank, 1 Woods, (U. S. Circuit Court) 523;' State
v. Sponaugle, &c., 45 W. Va., 415; King v. Mullins, &c., 171 U.
S., 404; Brannon's 14th Amend., p. 260; U. S. Const., sec. 10,
par. 1, and 14th Amend. Kentucky Const., 19; Thornton v. Mc-
Grath, 1 Duval, 355; Broadus's Devisees v. Broadus's Heirs, 10
Bush, 306; Marshall v. McDaniel, 12 Bush, 378, 382, 385; Kentucky
Constitution of 1850, art. 13, sec. 3; Constitution of 1891, sec. 2;
Hoke v. Commonwealth, 79 Ky., 567-581; Eastern Kentucky Coal
Lands Corporation v. Commonwealth, 32 Ky. Law Rep., 129,
106 S. W. Rep., 260; Mulvey v. City of Boston, 83 N. E., 402;
Elder v. Wood, 28 Sup. Ct. Rep., 263.

OPINION OF THE COURT BY JUDGE LASSING—Affirming
in Part, Reversing in Part.

This appeal presents for consideration questions as
to the constitutionality of article 3 of the revenue and
taxation act, approved March 15, 1906 (Acts 1906, p.
115, c. 22), and of practice and procedure thereunder.
On the 20th day of April, 1907, the Commonwealth of
Kentucky, by Ira Fields, Commonwealth's attorney,
in and for the Thirty-Third judicial district of Ken-
tucky, which includes Leslie county, filed its petition
in the Leslie circuit court against appellant, alleging,
among other things, that on the 12th day of June,
1872, the Commonwealth of Kentucky granted to Ste-
phen G. Reid, by letters patent, 40,000 acres of land in
Perry, now Leslie, county, Ky., a copy of the grant
being filed with, and as a part of, the petition.   The
petition also described the land by metes and bounds,
courses and distances, and alleged that the corporate
defendant, appellant here, under, through, and by vir-
tue of divers mesne conveyances from the patentee,
was the claimant of said tract of land under said pat-
ent.   The petition further alleged that appellant and
its predecessors in title had failed to list said tract of
land, or any part of it, for assessment and taxation,
as of September 15, 1901, September 15, 1902, Sep-
tember 15, 1903, September 15, 1904, and September
15, 1905, and had so failed to list the same as of each
and all of said dates, and had failed to pay the taxes
charged, and which should have been charged against
said tract of land assessable as of said dates, and had
failed to pay such taxes assessable as of any of said
dates.   The prayer was for judgment against appel-
lant, forfeiting and transferring to the Commonwealth

of Kentucky all of appellant's claim, title, right, and interest in and to all of said tract of land and for costs. By an amended petition the prayer was enlarged and asked for a sale of all the title, interest, and claim of appellant in and to all of said tract of land. Appellant appeared and filed general demurrer to the petition at September rules, 1907, which was overruled at the regular October term. The appellant elected to stand on its demurrer, and declined to answer. At the same term the case was set down for hearing and trial before a jury, and, upon a verdict in favor of plaintiff, the court entered a judgment forfeiting and transferring to the Commonwealth the right, title, interest, and claim of appellant in and to the said tract of land described in the petition and judgment; and further adjudged that the title so forfeited and transferred to the Commonwealth be sold by the master commissioner. The judgment contains the usual provisions for a sale by a master commissioner, and authorizes the commissioner to sell said tract of land as a whole or in parcels to suit purchasers. By further provision of the judgment, the master commissioner was directed not to advertise the sale until after the close of the regular February, 1908, term of court. Complaining of errors in this judgment, appellant prosecutes this appeal.

Appellant, confessing as true the allegations of the petition, relies for a reversal upon the alleged unconstitutionality of the act upon which proceedings were based, and further claims that as the petition did not allege, nor the judgment ascertain, what parts of the 40,000 acres had been occupied, and taxes paid thereon by occupants, the petition is defective, and the judgment erroneous. The questions thus presented for determination by this court are: (1) Is article 3 of the

revenue and taxation act, approved March 15, 1906,
a constitutional exercise of legislative authority?    (2)
Is the judgment erroneous, in that the petition fails
to allege or the judgment to ascertain the various
persons who had occupied and paid taxes on lands
within said 40,000-acre boundary for five years next
preceding the judgment of forfeiture?    (3) Did the
court err in entering judgment of sale at the same
term of court at which the judgment of forfeiture
was entered?    The constitutionality of this article was
considered and upheld by this court in an exhaustive
opinion written by Chief Justice O'Rear in Eastern
Kentucky Coal Lands Corporation v. Commonwealth,
127 Ky. 667, 106 S. W. 260, 32 Ky. L. R. 129, and it is
not necessary to again refer to the various objections
there urged and passed upon by the court.    Upon fur-
ther consideration, we are satisfied that the conclu-
sions there reached are correct.

It is contended by appellant that under the act of
1906 a failure to list land for assessment and to pay
the taxes thereon for the years 1902, 1903, 1904, 1905,
and 1906 is visited with a different and heavier penalty
than was provided by law in force during those years.
It is by no means certain that the act accomplishes
any such result; but, if it did, it would result in mak-
ing void only the penalties and interest provided for
the default, and would not affect any other portion
of the act.    The act expressly provides that it is en-
acted in detail, and that each provision shall stand
by itself, unaffected by any other portion that for any
reason might be invalid.    The act is a comprehensive
revenue measure, and this result would follow had
there been no such provision.    It was clearly compe-
tent for the Legislature to prescribe that the amount
to be paid to remove cause of forfeiture should be the

taxes, without interest or penalties, for the years named; and if, in adding penalties and interest, the Legislature exceeded its constitutional authority, the article would be void only in so far as it exceeded such authority, and the penalty and interest would be eliminated. The penalty and interest can be stricken out, and that which remains is complete within itself, and capable of being executed in accordance with the apparent legislative intent. Similar objections were urged in Hoke v. Commonwealth, 79 Ky. 567, 3 Ky. Law Rep. 407, and Muir's Adm'r v. City of Bardstown, 120 Ky. 739, 87 S. W. 1096, 27 Ky. Law Rep. 1150, and in each case where penalty was provided the act was held void only to the extent of the penalty imposed.

No question, however, concerning the validity of the provisions of the act as to what penalties the appellant should pay for its delinquency during the years 1902, 1903, 1904, 1905, and 1906 arises in this case. It has not attempted either to list its land or offered to pay any taxes, though the act gave ample time, after it became a law, for compliance with its provisions. Mulvey v. Boston (Mass.) 83 N. E. 402 (decided January 14, 1908); Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Black on Tax Titles, sections 279-286. Had the appellant attempted to comply, it could then have contested or disregarded any unconstitutional provision of the act. As we held in the case of Eastern Kentucky Coal Lands Corporation v. Comth., 127 Ky. 667, 106 S. W. 260, 32 Ky. L. R. 129, it was competent for the Legislature, in the exercise of the taxing power, to provide a forfeiture for a failure to list property for assessment and pay the taxes due thereon. The penalty of forfeiture provided by the act is not for a past delinquency, but for a

failure to list and pay after the act went into effect, and within the time there provided. We are here concerned only with this feature of the act, and it has no semblance of an ex post facto law.

Appellant contends that, if the act is constitutional, the petition is defective, and that the general demurrer thereto should have been sustained, because the petition fails to disclose what parts, if any, of the land described in the petition, is held by occupants who have paid taxes thereupon for the five years preceding the judgment of forfeiture; and that the judgment is erroneous because it does not segregate the parts to which the forfeited title would inure. So far as disclosed by the record, there is no part of the tract held by occupants. But the court judicially knows, and it was admitted in argument, that practically, if not quite, all the land described in the petition is adversely held by occupants under claim or color of title. The record shows only that the appellant is the owner or claimant of the title to the tract of land, which is specifically described by metes and bounds, courses and distances, and that appellant has failed to comply with the provisions of the article with respect to the listing of it for taxes and the payment of taxes thereon. The petition contains all the allegations necessary to show that appellant was delinquent, and its title subject to forfeiture, and the demurrer thereto was therefore properly overruled. Nor is the judgment erroneous on that ground. Certainly the title to the tract of land described in the petition, and which is adjudged to be subject to forfeiture and sale, can be sold by the same description, the purchaser taking that which, under the article, passes at the sale. The doctrine of caveat emptor applies in this, as in other proceedings. And the purchaser, and not

the occupant, as argued by counsel for appellant, would be required to show, in actions to recover under his purchase, that the land claimed by him was not of the excluded class. The rule is universal that, where one seeks to recover under a grant or deed which does not convey all the land within the boundary described, he must show that the land sought to be recovered is within the boundary and without the exclusions. Hall v. Martin, 89 Ky. 9, 11 S. W. 953, 11 Ky. Law Rep. 241. The act provides that the deed shall transfer to the purchaser the title and claim "so forfeited and transferred to, and vested in, the Commonwealth, as remains in it after the operation of section six of this article, and shall so recite." The article, taken as a whole, clearly shows that such was the legislative intent. It is not necessary for the petition to describe more than the tract of land the title to which is sought to be forfeited. After the judgment of forfeiture becomes final, the main purpose to be conserved is the interest of the Commonwealth, and circumstances might arise or be shown to exist that would authorize different modes of executing it. We have no hesitancy in holding that it is not necessary for the judgment to ascertain and describe the parts of the tract held by occupants. If at the hearing it should be made manifest that the title as to certain parts only of the tract would pass to the purchaser under a sale, the statute would be complied with by a sale of the title covering those parts alone. In any event, it is the duty of the court to prescribe what parts thereof shall be sold, if less than the whole is to be sold. Therefore the judgment appealed from, in so far as it authorizes the commissioner to sell the tract as a whole or in parcels to suit the purchaser, is erroneous.

Another error in the judgment of sale is that it was

rendered at the regular October term, 1907, of the
Leslie circuit court, the term at which the judgment of
forfeiture was entered. By section 4 of article 3 it
is provided that "if before or during the term of
circuit court, next succeeding the term at which a
judgment of forfeiture may have been entered," the
defendant in privity with the title so vested in, and
forfeited to, the Commonwealth, should file his
counterclaim, accompanied by bond, and ask to be al-
lowed to purchase back the property, he should be
allowed to do so upon the terms prescribed in the
article. The defendant, by the express provisions of
the act, has until the close of the first term of court
after the term at which the judgment of forfeiture is
entered in which to file this petition; and it was error
for the circuit court to order a sale of the property
before the time had elapsed in which the defendant
could file his petition and bond to purchase back the
property. It is insisted that this premature entry of
the judgment of sale is not error because it becomes
inoperative if the defendant should, within the time
authorized by the act, file its petition to purchase the
property back. But the judgment of the court was a
final order from which an appeal could be, and now is
being, prosecuted, and the circuit court had no control
over it, after final adjournment of the term at which
it was entered. The judgment of sale therefore was
erroneous.

It is earnestly insisted that the article in question
is a repeal to a certain extent, at least, of the statute
against champerty. But in this we do not concur.
The purchaser, in an action to recover the land, or
part thereof, would still be required to prove his claim
of title as if there had been no forfeiture or sale. The
utmost that could be claimed is that the commis-

sioner's deed made pursuant to a judgment of court
is not ordinarily subject to the provisions of the stat-
ute as against champerty. Conceding this to be true,
the only link in the chain of title against which the
plea of champerty could be interposed would be the
commissioner's deed made pursuant to the sale di-
rected by the judgment; and this plea would not
extend to any link in the chain of title antecedent to
the commissioner's deed. But is the commissioner's
deed made under this article subject to the plea of
champerty? In section 3 of the article in question it is
provided that ''no other title, claim, or possession, or
continuity thereof, whether owned or claimed by the
defendant or by others, shall be forfeited, or in any
manner affected by said proceeding.'' And by section
4 of the article it is provided that ''no person except
a defendant, and no defendant except as herein pro-
vided, shall be allowed to purchase back from the
Commonwealth, the title so forfeited to, and vested
in, it, except such defendant as may, but for such for-
feiture, establish in such proceeding, a title thereto in
himself, upon which he could maintain an action of
ejectment.'' As was stated in Farmers' Bank of Ky.
v. Peter, 13 Bush, 591: ''The purchaser takes what he
gets. The rule of caveat emptor applies in all its
vigor to sale of real property''—the sale referred to
being a sale by a commissioner under decree of court.
From the provisions of the act above quoted it is mani-
fest that it was not the intention of the Legislature to
take from an occupant any defense that he might
theretofore have had, whether of champerty or other-
wise. It is expressly stated that no title, claim, posses-
sion, or continuity thereof, by whomsoever owned,
shall in any manner be affected by said proceeding.
We are therefore of the opinion that the benefit of the

plea of champerty is not only not taken from the oc-
cupant, but it is preserved to him as against the com-
missioner's deed itself, and that such deed does not
come within the general rule that the plea of cham-
perty is not available as against a commissioner's
deed.  In Commonwealth v. Rosenfield Bros. & Co.,
118 Ky. 374, 80 S. W. 1178, 82 S. W. 433, 26 Ky. Law
Rep. 726, the court, quoting from Endlich on Inter-
pretation of Statutes, section 295, says: ''Where the
language of a statute, in its ordinary meaning and
grammatical construction, leads to manifest contra-
diction of the apparent purpose of the enactment, or
to some inconvenience or absurdity, hardship, or in-
justice, presumably not intended, a construction may
be put upon it which modifies the meaning of the
words, and even the structure of the sentence.  This
is done sometimes by giving an unusual meaning to
particular words, sometimes by altering their colloca-
tion, or by rejecting them altogether, or by interpolat-
ing other words—under the influence, no doubt, of an
irresistible conviction that the Legislature could not
possibly have intended what its words signify, and
that the modifications thus given are mere corrections
of careless language, and really give the true inten-
tion.  The ascertainment of the latter is the cardinal
rule, or rather the end and object, of all construction;
and, where the real design of the Legislature in or-
daining a statute, although it be not precisely ex-
pressed, is yet plainly perceivable or ascertained with
reasonable certainty, the language of the statute must
be given such a construction as will carry that design
into effect, even though in so doing the exact letter of
the law be sacrificed, or though the construction be,
indeed, contrary to the letter.''  This rule is re-enun-
ciated in an opinion of this court by Judge Barker,

filed March 17, 1908, in the case of Morrell Refrig. Car Co. v. Comth. of Kentucky, 128 Ky. —, 108 S. W. 926, 32 Ky. Law Rep. 1285. If it were possible to construe the act in question as contended for by appellant with respect to champerty, which we do not hold, the rule announced by this court in the above cases would preclude such a construction. But there is nothing in the act indicating such an intention upon the part of the Legislature. Its whole purport is to the contrary, and by specific provision it declares that the title, claim, or possession of the occupants, or the continuity thereof, should not, in any manner, be affected by the proceedings. If the occupant has had five years' possession, coupled with the payment of taxes, the forfeited title devolves upon him. If he has not had possession for a sufficient length of time to cause a vestiture of title in him, he nevertheless is in possession; and, as a sale of the forfeited title to the extent of his possession would be champertous, the title thereto remains in the Commonwealth, and the possession of such occupant, or the continuity thereof, is not in any manner affected thereby. The title to those parts not transferred to the occupant, or which is not adversely held, is alone the subject of sale, and the title to only such parts would pass upon a sale in gross.

The judgment is affirmed in so far as it adjudges a forfeiture of the title and claim of appellant, but for the reasons indicated, and because it orders a sale of the land and not of the forfeited title, it is reversed for proceedings not inconsistent with this opinion.

ON REHEARING.

Complaint is made in the petition for rehearing

that the opinion herein fails to state whether or not article 3, c. 22, p. 115, Acts 1906, violates the Constitution of the United States. This question was fully considered and passed upon in the recent case of Eastern Kentucky Coal Lands Corporation v. Comth., 127 Ky. 667, 106 S. W. 260, 32 Ky. L. R. 120, and it was there held that the said article was not violative of any of the provisions of the Constitution of the United States. It is specifically urged that article 3 violates section 10 of article 1 of the federal Constitution, in that it impairs the obligations of a contract, and the compact with Virginia is cited as the contract claimed to have been impaired.

Complaint is also made that said article violates section 1 of the fourteenth amendment, in that it deprives the owner of his property without due process of law, or that it denies to some persons the equal protection of the law, and also that it is violative of clause 1, section 10, art. 1, Const. U. S., which denies the right of any state to pass an ex post facto law. In none of these contentions do we concur. We see no reason for receding from the conclusions reached upon these several points in the case of Eastern Kentucky Coal Lands Corporation v. Comonwealth, above cited. There can be no serious objection to article 3 on the ground that it is an ex post facto law, in so far as the said article applies to years subsequent to 1906. But it is insisted that, as the act declares that delinquency for the years 1902, 1903, 1904, 1905, and 1906 shall be cause for forfeiture, which might have been removed on or before January 1, 1907, by the payment of the taxes and interest and penalties provided by law for the redemption of land sold for the nonpayment of taxes, it visits upon the delinquent greater penalties than he was subject to prior to the passage

of the act. This would be true if the delinquent had voluntarily paid the taxes for those years; but the result is not necessarily the same had the delinquent been proceeded against by an officer authorized by law to collect back taxes; however, we are of opinion that the delinquent's liabilities for those years are to be measured by his liabilities had he volunteered to list and pay his taxes. It therefore follows that the article in so far as it requires the payment of interest and penalties for the years 1902, 1903, 1904, 1905, and 1906 is inoperative, and the delinquent for those years would be required to pay only taxes without interest or penalties. But, for the reasons and upon the authorities cited in the opinion and consistent with the rulings of this court, the elimination of the interest and penalties for the years 1902, 1903, 1904, 1905, and 1906 does not affect the other provisions of the article with respect to those years, or years subsequent thereto.

As the appellant is under no disability, does not claim under a grant from the state of Virginia, and did not seek to list its property, or offer to pay the taxes for the years 1902, 1903, 1904, 1905, and 1906, either with or without interest and penalties, we hesitated in the opinion to pass specifically upon these questions raised by it. However, out of the consideration entertained for the eminent counsel presenting them, we have expressed our views upon these points, in order that he may have the benefit of specific adjudication thereon.

The petition for rehearing is overruled.