## Stearns Coal & Lumber Co. v. White et al.

(Decided May 28, 1935.)

TYE, SILER, GILLIS & SILER for appellant.

J. E. STEPHENS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The Stearns Coal & Lumber Company, a corporation, instituted this action against W. B. White and Amanda Shepard, alleging that it was, and had at all times mentioned in the petition been, the owner and entitled to the possession of a tract of land in McCreary county, Ky., containing 200 acres, more or less, and fully described in the petition; that the tract referred to is a portion of what is known as the Wait & Hudson patent granted by the commonwealth of Kentucky in 1851 to Cyrenius Wait and Jacob Hudson and a portion of same conveyed to the Stearns Coal & Lumber Company by the Kentucky-Tennessee Property Company and others by deed bearing date of February 15, 1927; that the tract of land described in the petition is inside the exterior lines of that patent and inside of the exterior lines of the deed made to plaintiff by the Kentucky-Tennessee Property Company and others and outside of exclusions in either the patent or the deed. It further alleged that the defendants, W. B. White and Amanda Shepard, had wrongfully and without right and against its will and consent entered upon such tract of land and were holding same and keeping plaintiff out of possession thereof. It prayed for judgment against each of the defendants for the recovery of the land.

The separate answer of W. B. White consisted of a categorical denial of the allegations of the petition. He did not set up or claim title or ownership to the land referred to in the petition by adverse holding or otherwise. Amanda Shepard filed no answer and there is no reference to her in the subsequent proceedings, but it is stated in brief for appellant that she was occupying the land in controversy as a tenant of W. B. White and after the institution of this action vacated the premises and the actions proceeded against defendant White only. It developed in evidence that W. B. White was claiming a tract of land containing approximately 25 acres which he asserts is a portion of a 50-acre patent issued to Polly Hays by the commonwealth on June 20, 1820, and the land claimed by him is includ-

ed in the junior patent to Wait & Hudson and in the conveyance to the Stearns Coal & Lumber Company. The greater portion of the evidence relates to the location of the Polly Hays patent. We find in the transcript of the evidence a stipulation which, omitting the signatures, reads:

> "It is stipulated and agreed by and between the parties to the above styled action that the plaintiff, the Stearns Coal & Lumber Company, now has and at the time of the institution of this action, had, a complete chain of conveyances from the patentees, Cyrenius Wait and Jacob Hudson, in Patent No. 24080 issued by the Commonwealth of Kentucky on October 18, 1855, for 9,600 acres in Whitley County, Kentucky, by which the title of the said patentees vested in the Stearns Coal & Lumber Company."

> Trial by jury resulted in the following verdict:
> "We the jury agree that the land now in controversy is the Polly Hays 50 acre patent and is in the possession of W. B. White."

Pursuant to the verdict, it was adjudged that plaintiff had not manifested any title in or to the land in controversy known as the Polly Hays patent and its petition be dismissed and it recover nothing thereby and that defendant recover his costs. Plaintiff is appealing. In addition to a number of other grounds assigned for reversal, it is argued that the court erred in instructing the jury, and since the judgment must be reversed on that ground it is unnecessary to discuss the other grounds relied upon, and they are reserved.

There was no plea of champerty nor evidence to show that the deed from the Kentucky-Tennessee Property Company to the Stearns Coal & Lumber Company was champertous under the provisions of section 210, Kentucky Statutes.

Section 4704, Kentucky Statutes, among other things provides:

> "Every entry, survey, or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed, or patented."

A similar provision has been carried in our statutes since 1835. See Acts of the General Assembly 1835; McMillan's Heirs v. Hutcheson, etc., 67 Ky. (4 Bush) 611. The decisions cited under this section of the statute, which are numerous, will show that it has been consistently applied since its enactment. Under the quoted provision of the statute and under the pleading and proof, the only question to be determined was whether the Wait & Hudson patent, under which appellant claims, conflicts with the senior patent issued to Polly Hays to the extent of the land in controversy.

Without setting out the instructions at length, it may be said that they are confusing and did not properly submit, nor were they confined to, this particular issue. An instruction in substance as follows should have been given: It is admitted that the patent under which plaintiff claims title covers the land in controversy and you should find for plaintiff unless you shall believe from the evidence that the land in controversy is covered by the Polly Hays patent of June 20, 1820, and in which event you will find for the defendant. This, of course, would be followed by instruction B given, to the effect that nine or more of the jury might render a verdict.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.