PIONEER COAL CO. v. WARD et al.

No. 113.

District Court, E. D. Kentucky.

July 1, 1944.

Cleon K. Calvert, of Pineville, Ky., for plaintiff.

W. T. Davis, of Pineville, Ky., and A. M. Edwards, Jr., of Louisville, Ky., for defendants.

FORD, District Judge.

This is an action in ejectment. The plaintiff asserts title to and seeks to recover possession of a tract of land alleged to be in the possession of the defendants. The tract involved contains about 58½ acres, and it is said to be underlaid with a valuable seam of coal. Defendants deny that plaintiff is the owner of or is entitled to possession of the claimed land. Federal jurisdiction arises from diversity of citizenship of the parties and the value of the matter in controversy. 28 U.S.C.A. § 41 (1).

By agreement of the parties, the trial was to the Court without the intervention of a jury. The case is now submitted upon the defendants' motion to dismiss made at the conclusion of the presentation of the plaintiff's evidence, upon the ground that the evidence is insufficient to entitle plaintiff to relief. Rule 41(b), F.R.C.P., 28 U.S.C.A. following section 723c.

The sufficiency of the evidence must be tested in the light of the universal rule that in an action in ejectment the party seeking relief must sustain the burden of showing record title in himself derived from the Commonwealth, in the absence of title from a common source or by adverse possession. Payne v. Edwards, 188 Ky. 302, 221 S.W. 1073; Alexander v. Duncan, 247 Ky. 422, 57 S.W.2d 58. The only proof introduced by plaintiff to sustain this burden consists of a stipulation entered into by the parties showing (1) an unbroken chain of conveyances embracing the land in controversy leading back to a patent for 2800 acres issued by the Commonwealth

of Kentucky in the name of James W. Davis on March 25, 1850, and (2) another chain of conveyances back to a 90,000-acre patent issued to Benjamin Say by the State of Virginia in 1788, the exterior boundaries of which embrace the land in controversy.

■ It is conceded by the plaintiff that, in respect to the land in controversy, the James W. Davis patent is in conflict with the prior patent issued to Benjamin Say and is void under Statutes of Kentucky which have been in force since 1835. McMillan's Heirs v. Hutcheson, 67 Ky. 611, 4 Bush. 611; Stearns Coal & Lumber Co. v. White, 259 Ky. 686, 83 S.W.2d 26. Consequently the evidence introduced in respect to the plaintiff's chain of title under the Davis patent avails nothing in support of the burden and forces the plaintiff to rely entirely upon its claim under the Benjamin Say patent.

To establish title under the Benjamin Say patent, the plaintiff relies upon a deed of conveyance of February 4, 1909, executed by the Master Commissioner of the Clay Circuit Court, pursuant to a judgment of that Court in an action instituted for the forfeiture of the lands embraced in the Benjamin Say patent, under the provisions of an Act of the General Assembly of Kentucky of 1906 providing for forfeiture to the Commonwealth of old land grants for delinquent taxes. Sections 4076b–4076k, inclusive, Carroll's Kentucky Statutes. Section 4076g provides:

"All title and claim proceeded against under this article and forfeited to, and vested in, the Commonwealth and not purchased back by the owner or claimant thereof, as authorized in § 4076e hereof, whether such forfeiture be for past delinquencies or for future delinquencies as authorized under § 4076k hereof, shall be, and is hereby, transferred to, and vested in, any person for so much thereof as such person, or those under whom he claims, has had the actual adverse possession for five years next preceding the judgment of forfeiture, under claim, or color of title, derived from any source whatsoever, and who, or those under whom he claims shall have paid taxes thereupon for the five years in which such possession may have been or may be held; * * *."

Section 4076h, which authorizes the Commissioner's deed, provides:

" * * * Such deed shall operate to transfer to said purchaser such title and claim to the land so forfeited and transferred to, and vested in, the Commonwealth as remains in it after the operation of § 4076g of this article, and shall so recite. * * *"

The Commissioner's deed, through which plaintiff claims, contains the exceptions required by the Statute and by its terms operates to transfer only the remainder of the land embraced in the Benjamin Say patent after excluding such portions thereof as were vested in other persons by virtue of section 4076g.

■ The plaintiff's evidence goes no further than to show that the land in controversy was embraced within the exterior boundaries of the Benjamin Say patent and outside of the exceptions set out in that patent. Plaintiff has introduced no proof of any character tending to show that the land in controversy was not embraced within that portion of the lands of the Benjamin Say patent which is excluded from the operation of the Commissioner's deed or that the land in controversy is within the "remainder" of the Benjamin Say patent after eliminating the part excluded both by the Statute and the express terms of the deed. In respect to the burden upon the plaintiff in an ejectment proceeding to show that land acquired in a forfeiture proceeding under the Act of 1906 was not of the excluded class, the Kentucky Court of Appeals, in Davidson v. Lewis, 159 Ky. 798, 803, 169 S.W. 538, 540, said:

" * * * The purchaser at this sale will not, by virtue of his purchase or its confirmation by the court, be authorized to oust any of these claimants of their possessions or interfere with their holding. The purchaser will only acquire title to so much of this land as is not held by the class of occupants described in section 4076g. He will buy the land subject to the rights of these occupants. The statute so declares, providing that the deed to the purchaser 'shall operate to transfer to said purchaser such title and claim to the land so forfeited and transferred to, and vested in, the commonwealth as remains in it after the operation of section 4076g of this article, and shall so recite.' If he attempts to dispossess any of them, as he may do, in an action brought directly against them for that purpose, he must show, as said in the Kentucky Union case [Kentucky Union Co. v. Com., 128 Ky. 610, 108 S.W. 931, 110 S.W. 398], 'that the land claimed by him was not of the excluded class.' "

To the same effect is Kentucky Union Company v. Commonwealth, 128 Ky. 610, 108 S.W. 931, 110 S.W. 398. This statement of the law seems to be in full accord with the general rule applicable where plaintiff in ejectment relies upon a conveyance of only the "remainder" or "balance" of a described tract of land. Taylor v. Taylor, 10 Ky. 18, 3 A. K. Marsh. 18, reprint 944; Withers v. Payne, 51 Ky. 343, 12 B. Mon. 343; Hawkins v. Barney, 30 U.S. 457, 5 Pet. 457, 468, 469, 8 L.Ed. 190.

Plaintiff insists that application of the foregoing rule to this case results in laying upon it an insupportable burden due to the practical impossibility of now obtaining proof to negative actual adverse possession by defendants during the five year period immediately preceding the forfeiture judgment which was entered more than thirty years ago.

If it be true that long delay in asserting the claim has made difficult or even impossible the establishment of plaintiff's right to relief at this late date, since such delay is entirely attributable to plaintiff of those through whom it claims, clearly the plaintiff is not in a position to complain of the result of it, and certainly it affords no basis for disregarding an established rule of law. Facts tending to show that defendants were not in possession of the claimed land during the five year period immediately preceding the forfeiture judgment, or that such possession, if any, was not evidenced by a well marked boundary or under color of title to a well defined boundary, would ordinarily be susceptible of proof and, doubtless, if true, would be so in this case but for the great lapse of time which has intervened.

Obviously, until the plaintiff has produced some proof showing that the lands in controversy are within the "remainder" of the Benjamin Say patent which plaintiff acquired by the Commissioner's deed, no title is shown thereunder. Stephens v. Terry, 178 Ky. 129, 132, 198 S.W. 768. Under the Kentucky authorities referred to, the defendants' motion to dismiss must be sustained.

Since the motion to dismiss presents only a question of law, no findings of fact are required under Rule 52(a), F.R.C.P. Schad v. Twentieth Century-Fox Film Corporation, 3 Cir., 136 F.2d 991.

An order will be entered in conformity herewith.