CASE 30.—PROCEEDINGS BY COMMONWEALTH AGAINST CORDELIA B. LOCKARD AND OTHERS TO FORFEIT THEIR TITLE TO CERTAIN LANDS.—April 14, 1909.

# Lockhard, &c. v. Commonwealth

Appeal from Leslie Circuit Court.

L. D. LEWIS, Circuit Judge.

Judgment for Commonwealth, defendants appeal. —Reversed.

Taxation—Failure to List for Taxation—Forfeiture.—Ky. St. 1909, Secs. 4076b-4076k (Russell's St. Secs. 5970-5983), providing for forfeiture of land for continued failure to list for taxation, do not apply where on receiving a patent from the State, purporting on its face to convey a certain number of acres, not knowing how much he could legally call his own, because of prior patents and adverse possession of parts of the land, lists his patent for taxation from year to year as a less number of acres, and the State authorities accept the returns made by him, and assess the land, and receive the taxes thereon from him.

M. J. HOLT and LINDSEY & EDELEN for appellants.

IRA FIELDS and JAMES H. JEFFRIES for Commonwealth.— No briefs.—Record misplaced.

OPINION OF THE COURT BY JUDGE BARKER.—Reversing.

In the year 1873 the Commonwealth of Kentucky issued to C. O. Lockard a patent for a boundary of land lying in Harlan and Leslie counties, which on its face purported to convey to him 40,400 acres of land. Much of the land included within this boundary was in the adverse possession of others, and perhaps more covered by prior patents. Be this as it may,

however, Lockard seems never to have known exactly the number of acres under the patent which he could legally call his own; but in each year after the issuance of the patent he listed for taxation in Harlan and Leslie counties 15,000 acres of land, about one-half in each county. Prior to the institution of this proceeding he seems to have brought an action in the federal court against a large number of persons and recovered judgment against them, by which it was determined that he was the owner of some 40,400 acres of land. After this judgment, in 1908, this proceeding was instituted in the Leslie Circuit Court for the purpose of forfeiting so much of the patent as had not been listed for taxation; in other words, all except 15,000 acres, upon which the taxes had been paid. Lockard or his heirs had conveyed to F. M. Sackett and D. B. Cornett certain boundaries of his patent, and they were made parties defendant to this procedure. The defendants pleaded the listing of the land and the payment of the taxes in bar to the right of forfeiture on the part of the Commonwealth, and the vendees pleaded their purchase prior to the institution of this action. The trial before a jury resulted in a peremptory instruction for F. M. Sackett, one of the vendees, and a judgment against the heirs of Lockard and against D. B. Cornett, forfeiting all of the patent except that which had been sold to Sackett. To review this judgment, this appeal has been prosecuted.

A great number of questions of law have been raised and ably discussed by counsel on the respective sides of this litigation, but the view we have taken of it renders it unnecessary for us to notice but one. This procedure is under that section of the

revenue statute enacted in 1906 which is embraced in
Ky. St. Secs. 4076b to 4076k, inclusive (Russell's St.
Secs. 5970-5983). The history of this statute was
fully set forth and the validity of the act upheld in
the case of Eastern Kentucky Coal Lands Co. v.
Commonwealth (Ky.) 106 S. W. 260, 27 Ky. 667,
Kentucky Union Co. v. Commonwealth (Ky.)
108 S. W. 931, and Eastern Kentucky Coal
Lands Co. v. Commonwealth (Ky.) 108 S. W.
1138, 27 Ky. 667; and it is not necessary for us
to do more than to refer to these opinions for the
purpose of upholding the validity of the act. In
those cases it was held that old land grants which had
never been listed for taxation at all might be for-
feited under the statute by the failure of the owners
to comply with its terms. But we have no such case
here. The owner of the outstanding patent has year
by year listed his patent for taxation, and the State
authorities have accepted the returns made by him,
and assessed the land, and received the taxes thereon
from him. It may be true, and doubtless is, that
Lockard owned a great deal more land within the
boundaries of his patent than he returned for taxa-
tion, and it was entirely competent for the State offi-
cials to have refused to receive his returns, and thus
forced him either to assess his whole patent or to
come within the language of the forfeiting clauses
of the statute; but they could not allow him to make
the return of 15,000 acres under the belief that that
was a satisfactory assessment, and afterwards forfeit
the overplus for non assessment. This would be
practically laying a trap to catch him unawares. Evi-
dently Lockard and the fiscal officers of the State be-
lieved that 15,000 acres was about as much land as

he could legally recover under his patent, and that this was a fair assessment for fiscal purposes. The object of the statute is to force the owners of outstanding patents to list their lands for taxation. It is notoriously true that there were a large number of outstanding patents in the hands of nonresidents, which cast a cloud upon the title of the possessors of a large part of Eastern Kentucky; that the names of these nonresidents were unknown; and that they had persistently for a long period of years failed or refused to return their lands for taxation. It was for the purpose of either forcing these owners to pay their taxes or to give up their claim to the land covered by their patents that the statute was enacted.

But it was never the intention of the Legislature, where an owner in good faith had each year after he received his patent listed what he thought or believed was all of the land that he could legally claim under it, and this return had been accepted by the fiscal officers of the State, that in a procedure such as this the remainder, if it developed that there was more than was returned, might be forfeited to the Commonwealth. The law does not favor forfeitures, and in order that they may be upheld or enforced there must be a clear and undoubted authority therefor. They can not be accomplished by indirection or by implication. They must be enforced by an undoubted decree of the lawmaking power. This principle is too elementary to require either elucidation by argument or the citation of authority. The condition that we have in this record is not covered by the language of the statute. At most it would only be by a strained construction of it that the land in question could be brought within its terms. This, as we have said before, is not permissible. The Lockard patent is

neither within the language nor the spirit of the statute which the Commonwealth has invoked in this case. Of course,. we do not mean to say, or intimate that the Commonwealth may not by appropriate procedure collect the taxes for·the number of acres covered by the patent upon which the owner has not paid; but this is a very different proposition from forfeiting the land. We are of opinion that the motion of all of the defendants for a peremptory instruction to the jury to find a verdict for them should have been sustained at the conclusion of the evidence.

For these reasons, the judgment is reversed, as to all of the appellants, for procedure consistent herewith.