## Commonwealth v. Cornett, et al.

(Decided December 15, 1911.)

Appeal from Laurel Circuit Court.

1. Lands—Assessment—Failure to List and Pay Taxes—Forfeiture— Old Land Grants.—In a proceeding brought pursuant to sections 4076b, to 4076k, Kentucky Statutes, to forfeit lands for a failure to list them for taxation, a forfeiture will not be decreed of the land owned by the claimant in excess of that listed by him where he in good faith listed for three of the years embraced by the statute all the land that he believed he owned, and the State officers accepted the assessments and he paid the taxes thereon.

2. Same—Litigation of Title with Commonwealth.—In such a proceeding the defendant will not be required to litigate his title in any respect other than that of a forfeiture for non-listing for taxation, or non-payment of taxes, but the Commonwealth may show that those through whom the defendant claims forfeited the lands because of their failure to list or pay taxes thereon.

IRA FIELDS for appellant.

H. C. CLAY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Commonwealth of Kentucky brought this action against A. B. Cornett under the provisions of article 2, chapter 22, Acts of 1906, which are embraced in sections 4067b to 4076k, inclusive, of the Kentucky Statutes. The petition charged that the defendant A. B. Cornett was the owner and claimant of all the land embraced in a patent for 17,200 acres of land issued to Boyd Dickerson July 6, 1846; that he and those through whom he claims failed to list it with the assessor and to pay the taxes thereon for the years 1901 to 1905, inclusive. The same allegations were made with reference to prior years, but that is immaterial, as the Statutes provide for a forfeiture only in the event the owner or claimant failed to

list and pay taxes on the land for any three years from 1901 to 1905, inclusive. Subsequently, by amended petitions, William Low, trustee, David F. Mann, Sarah E. Reamer, Elmira M. Dougherty and others, the unknown devisees and heirs of, William Fendley Mann were made parties defendants. The defendant Cornett answered and denied that he was the owner of all the 17,000 acres of the Boyd Dickerson patent, but claimed that he was the owner of only certain small tracts embraced therein, and that he gave these tracts in for assessment for three of the years in controversy and paid all the taxes thereon.

The suit was originally brought in Leslie county but by consent of the parties, was transferred to the Laurel Circuit Court where, by agreement, it was submitted to the court without the intervention of a jury, and upon final hearing the petition and amended petitions were dismissed, and from that judgment the Commonwealth appeals.

It appears from the evidence that for the year 1903, Cornett listed "a portion of a 17,200 acre tract of land" at $3,000.00; that for the year 1904, he listed three tracts, one of 100 acres, one of 200 acres and one of 300 acres, at $3,500.00; that for the year 1905, he listed three tracts of 300 acres each and one of 200 acres, at $4,100.00; that for the year 1906, he listed four tracts aggregating 650 acres, at $3,350.00; while for the year 1907, he listed four tracts aggregating 750 acres, at $4,500.00. He listed this land with the county assessor and the list was accepted and approved by the Board of Supervisors. At the time he listed the land for 1903, Cornett testified that he had not had a survey of the land made and was unable to state the exact number of acres, for about three-fourths of the Boyd Dickerson patent was covered by senior grants and nearly all the remainder had either been sold to others by the patentee, Boyd Dickerson, or was claimed and held by others under possessory title. This evidence was competent, not for the purpose of establishing title, but for the purpose of showing that Cornett acted in good faith in listing the lands. By 1904, Cornett had some surveying done and definitely located three small boundaries of land inside the patent, which consisted of about 600 acres and which he listed at $3,-500.00. During all this time the land was in litigation. By 1905 some of the litigation was settled by compro-

mise and judgment, and he then listed the land at 1,100 acres. By 1906, he had lost a part of the land by litigation and then listed 650 acres. In listing the lands for 1903, he listed them in the same manner as they had theretofore been listed,—as omitted property by the sheriff of the county.

It is earnestly insisted for the Commonwealth that the title of Cornett to all land in excess of 650 acres, should be forfeited; and an attempt is made to differentiate this case from that of Lockhard, et al. v. Commonwealth, 133 Ky., 369. In our opinion, however, the facts are substantially the same. Lockhard claimed under a patent for 40,400 acres, but listed only 15,000 acres. Prior to the institution of the action for the forfeiture of his land, he recovered judgment against a number of persons, which determined that he was the owner of about 40,400 acres of land, and the Commonwealth instituted proceedings insisting on the forfeiture of all this land in excess of the number of acres he actually listed. In discussing the question, this court said:

"But it was never the intention of the Legislature, where an owner in good faith had each year after he received his patent listed what he thought or believed was all the land that he could legally claim under it, and this return had been accepted by the fiscal officers of the State, that in a procedure such as this the remainder, if it developed that there was more than was returned, might be forfeited to the Commonwealth. The law does not favor forfeitures, and in order that they may be upheld or enforced there must be a clear and undoubted authority therefor. They can not be accomplished by indirection or by implication. They must be enforced by an undoubted decree of the law making power. This principle is too elementary to require either elucidation by argument or the citation of authority. The condition that we have in this record is not covered by the language of the statute. At most it would only be by a strained construction of it that the land in question could be brought within its terms. This, as we have said before, is not permissible. The Lockhard patent is neither within the language nor the spirit of the statute which the Commonwealth has invoked in this case. Of course, we do not mean to say, or intimate that the Commonwealth may not by appropriate procedure collect the taxes for the number of acres covered by the patent upon

which the owner has not paid; but this is a very different proposition from forfeiting the land. We are of the opinion that the motion of all the defendants for a peremptory instruction to the jury to find a verdict for them should have been sustained at the conclusion of the evidence.''

We think the evidence in the case at bar shows that Cornett made a bona fide attempt to list all the land he claimed to own. The lists were accepted by the Board of Supervisors, and Cornett paid all the taxes due. Under these circumstances, we conclude that the trial court properly adjudged that a case of forfeiture had not been made out.

In the brief for the Commonwealth, our attention is called to the fact that Cornett did not establish his title by competent proof, and to certain alleged defects in Cornett's title. The sole purpose of the Statute was to have a forfeiture decreed for non-listing of the land and a failure to pay the taxes thereon for any three of the five years embraced in the Statute. It was not the purpose of the Statute to require a defendant to litigate with the Commonwealth, his title in any other respect. Of course, the Commonwealth may show that those through whom the defendant claims failed to comply with the Statute and that his title has been forfeited by reason of their failure. The proof in this case fails to come up to this requirement.

Judgment affirmed.