OPINION of the Court, by
Judge OwsT,Er.
Clay having recovered against Miller a judgment in ejectment, the court, on the motion of Miller, made an order appointing commissioners under the occupying claimant law.
The commissioners, after having went uppn the land and ascertained the improvements, &c. made report.
Clay then supposing that Miller, in consequence of his having neither a legal nor equitable claim derived from the commonwealth, was not entitled to compensation under the occupying claimant law, moved the court to quash the report of the commissioners ; but upon examining the evidences of Miller’s title, the motion was overruled : and the question for the determination of this Court is, should the report have been 'quashed ?
The solution of this question turns upon the description of claim necessary to be manifested by an occupant to entitle him to the benefits of the occupying claimant law.
If the claim should be deduced from the commonwealth, it is perfectly clear that Miller has not brought his case within the law : for although he claimed the land under a deed regularly recorded, and that deed actually covers the land in contest, yet it is incontestably shown that Williams, from whom he obtained the deed, had neither a legal nor equitable title. Williams, it is tr ie, claimed the land through Russell, who is shown to have held a patent from the commonwealth ; but.it is clearly proven that Russell’s patent does not include the land upon which the improvements were made.
The foundation of Miller’s claim is, therefore, the deed from Williams, unconnected with any deduction of title from the commonwealth ; and as such we cannot suppose he has brought himself within the occupying claimant law.
Assuming, then, that Miller’s’ case does not come Within the law, it results the order appointing the commissioners was irregularly made; and unless, as was contended in argument, Clay, by failing to oppose the majiing of the order, has waived the objection, the report made in pursuance thereof should have been quashed. We cannot, however, suppose the failure of Clay should be so construed. It would certainly have been *462 most regular for Clay to have opposed the making Of the order; and had no objections been taken to the report, on the grounds of Miller having no title, this court would, according to its former decisions, have inferred he had shown a sufficient claim. But aspbjectlons were taken to the report on that ground, and the objection maintained by the proof in the cause, the report ought to have been quashed.
But it was furthermore contended, that Clay, by electing1 to take the value of his land, rather than pay Miller for the improvements, has precluded himself front questioning the correctness of the decision of the court below in refusing to quash the report.
This position cannot, however; be admitted tobe correct : for as Clay was driven to his election by the decision of the court, he ought not to he prevented from availing himself of any error in that decision, when properly presented, as in this case, upon the record.
The judgment of the court below must be reversed with costs, the cause remanded to that court and the report of the commissioners and order appointing thenl Set aside with costs.