*T. F. Hallam*, for appellant.

*P. W. Hardin*, for appellee.

---

WM. M. IRVINE ET AL. v. NANCY WALKER.

[Abstract Kentucky Law Reporter, Vol. 3—473.]

**Guardian's Sale of Real Estate of Ward.**
> Where a guardian sold the real estate of his ward in 1850 at private sale, when such sale might be made at private sale if directed by the chancellor, the purchaser whose sale has been confirmed will not be disturbed in his ownership, either by the infant or those representing him, unless there has been some fraud practiced.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

December 17, 1881.

OPINION BY JUDGE PRYOR:

The judgment or decree under which C. J. Walker derived title to the land was rendered in the year 1850 in the case of John

A. Williams' heirs on petition for the sale of infant's land. As the statute then contained no prohibition as to the private sale of infant's real estate when directed by the chancellor, that practice sometimes prevailed, the chancellor deeming it best to accept the bid, as it was advantageous to the interest of the infant. The power to render the judgment and order the sale is unquestioned, and a purchaser with the purchase confirmed will not be disturbed either by the infant or those representing him, unless there has been some fraud practiced. We are not to be understood as determining that under our present statute regulating the sales of infant's estate the chancellor can order the guardian to make a private sale. The sale of this land was made near 30 years ago, and we see no reason why the purchaser should not accept the title and be compelled to pay the purchase-money.

Judgment *affirmed*.

*John Bennett, for appellants.*

*T. J. Scott, for appellee.*