CASE 78—ACTION TO RECOVER DAMAGES FOR TRESPASS TO LAND—
OCT. 10.

# Shaw, &c., v. Robinson, &c.

111   715
c127   693

APPEAL FROM GRAYSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   REVERSED.

TRESPASS—ADVERSE POSSESSION—TITLE OF RECORD—ANCIENT GRANTS
—LIMITATION   OF   ACTION—CONSTITUTION—CONSTRUCTION   OF
STATUTE—PARTING WITH TITLE—EFFECT—DUE PROCESS OF LAW—
RETROACTIVE OPERATION.

Held: 1. When the right to recover land becomes barred, the right
to recover damages for a trespass upon the land is also barred.
2. Constitution, section 251, providing that "no action shall be main-
tained for possession of any lands lying within this State,
where it is necesary for the claimant to rely for his recovery
on any grant or patent issued by the Commonwealth of Vir-
ginia, or by the Commonwealth of Kentucky, prior to the year
one thousand eight hundred and twenty, against any person
claiming such land by possession to a well-defined boundary,
under a title of record, unless such action shall be instituted
within five years after this Constitution shall go into effect or
within five years after the occupant may take possession,"
protects only persons in possession under a patent from the
Commonwealth issued to them or their vendors, the words
"title of record" meaning a title from the Commonwealth.
3. Kentucky Statutes, sec. 2377, providing that no action shall
be maintained for the recovery of land, where the claimant re-
lies alone on any patent issued by the Commonwealth prior to
the year 1820, against any person claiming such land by
possession to a well-defined boundary under a title of record
unless said claimant has actually paid or caused to be paid
the State and local taxes assessed against said land for at
least twenty years next preceding the bringing of said ac-
tion," is unconstitutional in that it in effect forfeits the title
to real estate simply for the non-payment of taxes, and thus di-
vests the owner of title without due process of law.
4. Even if the statute were otherwise valid, it would be void to
the extent that it is retroactive.
5. The statute, if valid, can not affect a case in which it does not
appear that any tax has ever been assessed against the land

in controversy, or in which the defendant does not claim under a patent from the Commonwealth.

6 The fact that the plaintiffs in an action to recover damages for trespass upon land had sold the land after the acts complained of did not defeat their right of action.

J. S. WORTHAM, ATTORNEY FOR APPELLANT.

The action of the lower court in discharging the jury and dismissing the plaintiff's action, involves the construction of section 251 of the State Constitution which is as follows:

"No action shall be maintained for possession of any lands lying within this State, where it is necessary for the claimant to rely for his recovery on any grant or patent issued by the Commonwealth of Virginia, or by the Comonwealth of Kentucky prior to the year 1820, against any person claiming such lands by possession to a well defined boundary under a title of record, unless such action shall be instituted within five years after this Constitution shall go into effect, or within five years after the occupant may take possession, but nothing herein shall be construed to affect any right, title, or interest in lands acquired by adverse possession under the laws of the Commonwealth."

The section was stubbornly resisted by many of the ablest lawyers in the constitutional convention as will be seen from the Debate, vol. 4, page 5286, and subsequent pages. This is an action for trespass, not for ejectment. The appellants allege that they are owners and in the possession of the land, but actual possession is not necessary to maintain an action for trespass.

As this is not an action to recover possession, it does not come within the provision of section 251 of the Constitution, and the court erred in discharging the jury and dismissing plaintiff's action.

J. C. GRAHAM AND W. O. JONES, FOR APPELLEES.

The action does not commend itself very favorably to the court.

According to the testimony of the appellant, Jonathan Shaw, none of the appellants has ever paid any taxes on the land, never cut any timber from it, lived forty or fifty years within five or six miles of it and never exercised any acts of ownership over it.

They knew that Warren Purcell, who sold it to appellee Robinson, had claimed it since 1846, and sold it to Robinson in 1888. It seems to us that parties who will thus

sleep on their rights and let innocent parties pay out their money, ought be estopped to set up a claim however valid.

At the conclusion of all the evidence, the appellees demurred to the evidence, and moved the court ot dismiss the action and cited sec. 251 of the Consittution, and sec. 2377 Kentucky Statutes, which motion the court sustained.

The appellants rely alone on a patent from the Commonwealth of Virginia issued June 1, 1787.    More than five years had elapsed after the Constitution went into effect when this suit was brought.

The fact that this suit is named, an action for trespass will not avail the appellants, because if they do not own the land and are not in possession of it, they have no standing in court, that is, if they can not recover in ejectment, they can not recover for trespass.    They allege ownership and the object of the action is to recover the land.

## AUTHORITIES CITED.

Brothers v. Porter, &c., 6 B. M., 113; Tom Davis v. Tingle, &c., 8 B. M., 542; Klump v. Liebold, 3 Ky. Law Rep., 684; Hume v. McNees, 1 Ky. Law Rep., 56; Watson v. Braun, 4 Ky. Law Rep., 981; Present Constitution, sec. 251; Kentucky Statutes, sec. 2377; Whitlock v. Redford, 82 Ky., 392; Caskey v. Lewis, 15 B. M., 30 Stillwell v. Duncan, 19 Ky. Law Rep., 1701; Pearl Heirs v. Davis, 4 Dana, 443; McGown, et al. v. Crooks, 5 Dana, 65; Pearman v. Baker, 4 Dana, 322; Shiles v. Calk, 1 Mar., 583; Bailey v. Tigert Valley Iron Co., 10 Ky. Law Rep., 676; Currie, &c., v. Fowler, 5 J. J. M., 149; Banks v. Johnson, 4 J. J. M., 651; Larue, &c., v. Hays, &c., 7 Bush, 53; Civil Code, sec. 756; Williams v. Rogers, 14 Bush, 786; Civil Code, sec. 134; Taylor v. Brown, 3 Bibb, 79; Combs, &c., v. Jeff, Pond. Drain. Co., 3 Met., 72; Hay & Sweeney v. Williams, 8 Ky. Law Rep., 434; Loving v. Warren Co., 14 Bush, 321; Garvey v. Green, 9 Ky. Law Rep., 1013.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

This action was instituted by the appellants in the Grayson circuit court against the appellees.   It was substantially alleged in the petition that the plaintiffs were the owners and in possession of a tract of land, describing the same, and that defendant did on divers days during the year 1897 unlawfully and forcibly enter upon said land, and cut and destroy valuable oak and other timber trees.

thereon, to the damages of plaintiffs in the sum of $200.
The answer of defendants is a denial of the ownership and
possession of plaintiffs of any part of the land described
in the petition. Defendants also denied having unlaw-
fully or forcibly entered upon said land. The second par-
agraph of the answer alleged that defendant Robinson
was the owner and in possession of a certain tract of land
in said county, describing same; that his boundary of
land embraces about 75 acres of land described in plain-
tiffs' petition, but, if so, he is the owner of same, and plain-
tiffs have no title to same; that defendant and those under
whom he claims have been in continuous, peaceable, ad-
verse possession of said land, residing upon it, and claiming
it as their own, to a well-defined boundary, for more than
30 years next before the commencement of this action; and
he pleads the statute of limitations. It is further alleged
that, on the 24th of July, 1888, all of said boundary of
land was conveyed to him by deed, and that the same was,
on the 22d day of February, 1892, recorded in the county
clerk's office; that the said Warren Purcell had a good and
sufficient title of record to about 100 acres of said land lying
on the north side thereof, but the balance thereof he
claimed by possession as heretofore stated. He is unable
to give the boundaries of these two tracts of land sep-
arately. The reply is a traverse of the material averments
of the answer. It is admitted that the boundary claimed
by defendants may contain a part of plaintiffs' land, but it
is denied that defendants are the owners thereof. At the
conclusion of the testimony defendants demurred to the
evidence and moved the court to dismiss the action on all
the evidence, to which the plaintiffs objected, but the court
sustained the motion and dismissed plaintiffs' action and
from that judgment this appeal is prosecuted. The
evidence for the plaintiffs tends to show that the land in

controversy had always been claimed by the plaintiffs
and those under whom they claimed; that it is part of a
1,000 acre tract patented to Thomas Shaw in connection
with one Hines; that plaintiffs never paid any taxes on
the land, nor cut any timber off of it; that plaintiffs knew
that Warren Purcell was claiming the land during his
lifetime, and that he sold it to defendants. A patent to
Thomas Shaw and Andrew Hines issued by the Common-
wealth of Virginia was also read in the evidence. The
patent was in consideration of a land office treasury war-
rant No. 13,093, issued the 3d day of February, 1783. The
patent bears date 1st of June, 1787. The surveyor of
Grayson county testified that he was acquainted with the
1,000-acre patent boundary; had surveyed all the lines, and
that it is a well-defined survey of land; that the land in con-
troversy is within this patent boundary, and it is also cov-
ered by the patent survey of Thomas Hines; that there is
a lap of the two surveys, and this lap embraces the land in
dispute between the parties in this action; that the de-
fendant does not reside within the lap, or on the land in
controversy, but resides on an adjoining tract; that the old
dwelling house of Warren Purcell was not on the land in
controversy; during the lifetime of Warren Purcell six or
seven acres of land covered by said lap were cleared and
fenced, and have been in the possession of Warren Pur-
cell and defendant Robinson for more than 15 years. Wit-
ness heard this land always spoken of as the Shaw land.
He also found that a line, well defined and plainly marked,
had been run through the center of the 1,000 acres patented
to Shaw and Hines. The line was a very old one.
Hines sold the land on the north side of this
line, while the lands on the south were claimed by
the Shaws. The land in controversy lies on the south
side of said line. There are about sixty acres in dispute.

S. T. Shaw, witness for the plaintiffs, testified to the cut-
ting of a large number of trees which had injured the land
considerably. The timber cut was white oak, and very
valuable. He said he and J. C. Hall then owned the land;
that they had bought it from plaintiffs, and had a writing
evidencing the purchase. Thinks the land worth $250 or
$300. The defendant, Robinson, testified, in substance,
that in 1888 or 1889 he purchased 250 acres of land of said
Purcell at the price of $2,000, which was conveyed
to him by deed; that the land in controversy is embraced
in said deed, and that he had been claiming it as his own
ever since he purchased it; that "Warren Purcell, for many
years before his death, claimed the land in controversy
to a marked line, which I have often seen, and he cut some
timber on it ten or fifteen years ago. He had no deed
to the land in controversy; that is, to the land covered
by the lap of the two patents. His dwelling house was
not on this lap, nor is my dwelling house on it. While
Purcell owned the lands which I bought of him he cleared
six or seven acres on the corner of the land covered by
the lap of the two surveys, and fenced it, and it has been in
his possession and mine for more than fifteen years. I do
not know how long Purcell had claimed the land covered
by the lap of said surveys to said marked line, but my best
judgment is that it was twenty years or more before he
died. He paid taxes on all the lands he sold to me. The
old dwelling house built by Purcell was not on the
one hundred acre tract for which he had a deed, and neither
is my dwelling house. Purcell built on the land which he
took up and claimed by possession, and I built on the same
tract a short distance from the old house. My deed was
recorded in the Grayson county clerk's office 22d of Feb-
ruary, 1892, and I have been claiming the lands therein
conveyed by possession to a well-defined boundary ever

since, and have resided on the land all the time." The deed from Purcell to Robinson was next read in evidence. The defendants then offered in evidence a patent from the Commonwealth of Virginia to Thomas Hines issued in consideration of a land office warrant No. 15,520, issued April 10, 1783. The patent bears the date July 10, 1786. The report of the surveyor was also read in evidence. E. T. and W. A. Kimble, J. A. Butler, W. A. Craig, J. M. Pryor, and Sarah Lahue, were introduced for the defendants, whose testimony tended to show that Purcell claimed the 150-acre tract, and exercised ownership over it, to a well-defined marked line for 25 or 30 years before his death.

It seems to be the contention of appellees that section 251 of the Constitution bars appellants' cause of action. It is intimated in the brief that the court below was of the opinion that the section aforesaid was a bar to this action, and for that reason dismissed plaintiffs' petition. It is the contention of appellants that this action, being for trespass and injury to the land, it does not come within the provision of said section. Appellees' contention is that the section of the Constitution is a bar to this action; that it is a bar to the suit for possession or recovery of the land; and that it necessarily follows that, if plaintiffs' right to recover the land has ceased, they can not recover for trespass or the cutting and carrying away of any timber therefrom. It seems to us that, if plaintiffs' right to recover possession of the land from the person in the actual possession thereof becomes barred or extinguished, his right to recover for a trespass upon the land is also extinguished or barred. It seems to us unreasonable to say that a party can not recover possession of land from a person holding the same, and yet be entitled to recover for the cutting of timber therefrom. A party must either

Vol. 111—46

be in the actual possession of land or be the real owner
thereof before he can maintain an action for trespass upon
such land. It will be seen from the evidence in this case that
defendant has no paper title to the land in dispute except
the deed from Purcell, and it is perfectly manifest that
Purcell never had any paper title at all. His right, if
any he acquired, was by actual possession to a well de-
fined marked boundary, and it is evident from defendant's
testimony that Purcell had not any possession of the land
in controversy more than six or seven years, if at all, be-
fore his sale to defendant. Section 251 of the Constitu-
tion reads as follows: "No action shall be maintained for
possession of any lands lying within this State, where it
is necessary for the claimant to rely for his recovery on
any grant or patent issued by the Commonwealth of Vir-
ginia, or by the Commonwealth of Kentucky, prior to the
year one thousand eight hundred and twenty, against any
person claiming such lands by possession to a well-defined
boundary, under a title of record, unless such action shall
be instituted within five years after this Constitution
shall go into effect or within five years after the occupant
may take possession; but nothing herein shall be construed
to affect any right, title or interest in lands acquired by
virtue of adverse possession under the laws of this Com-
monwealth." It will be seen from the section, supra, that
a person can not be protected by said section unless he is
claiming the land by possession to a well-defined bound-
ary under a title of record. The contention upon the one
side is that the deed from Purcell to the defendant comes
within the provisions of the Constitution. In other words,
that it is a title of record. On the other hand, it is con-
tended that the word "record," as used in the Constitu-
tion and statutes in regard to land titles, means a patent

from the Commonwealth. This court, in Fairbairn v. Means, 61 Ky., 323, in discussing the statutes in regard to occupying claimants, seems to have defined or settled the meaning of a title of record. The statute under consideration reads: "If any person, believing himself the owner, by reason of a claim, in law or equity, the foundation of which being of public record, hath, or shall hereafter, peaceably seat and improve any land, but which land shall, upon judicial investigation be decided to belong to another, the value of the improvements shall be paid by the successful party to the occupant," etc. Revised Statutes, c., 70, section 1. The court, in discussing that statute, said: "The belief referred to in the statute is a belief which may be judicially ascertained, and which, therefore, must be founded upon the fact that the occupant holds a title granted by the Commonwealth. Of course, he need not show that he has a valid title." The court further said: "He must so believe by reason of a claim in law or equity, the foundation of which is of public record. The foundation referred to by the statute is a grant from the Commonwealth. Clay v. Miller, 4 Bibb, 461; Lewis' Heirs v. Singleton's Heirs, 2 A. K. Marsh., 214. The claimant must, therefore, show that he believed himself to be the owner of the land by reason of a claim founded upon a grant from the Commonwealth. In order to do so, he must necessarily connect himself with the grant by showing that he held the title which it granted. It seems to us that the manifest meaning and intention of section 251, supra, was to protect persons in possession of land for which he or his vendors held a patent from the Commonwealth, and that the words "title of record," used in the section, mean a patent or title from the Commonwealth. We do not believe that the framers of the Constitution

intended that any party except the holder of a patent or the vendee, either immediate or remote, of a patentee, should avail himself of the provisions of the section, supra. In other words, we hold that the term "title of record," as used, means title derived from the Commonwealth. It results from the foregoing that the section, supra, has no application to the case at bar. Section 2377 of the Kentucky Statutes is relied on by the appellees. The section reads as follows: "That no action shall be maintained for the possession or recovery of any lands lying within this State, where the claimant relied alone for the recovery or possession of said lands on any grant or patent issued by the Commonwealth of Virginia or the Commonwealth of Kentucky prior to the year one thousand eight hundred and twenty, against any person claiming such land by possession to a well-defined boundary under a title of record, unless said claimant has actually paid or caused to be paid the State and local taxes assessed against said land for at least twenty years next preceding the bringing of said action." This statute is evidently unconstitutional, for the reason, among other things, that it in effect forfeits or destroys the title to real estate simply for the non-payment of taxes; and, not only this, but makes it a forfeiture in effect in all cases unless the party had for the past 20 years paid the taxes, etc. So far as the 20 years preceding enactment of the section is concerned, it would be retroactive or *ex post facto*, and for that reason alone is clearly unconstitutional. But we do not think the act is in any respect valid. It seems to us an attempt upon the part of the Legislature to divest the party of a title already acquired without due process of law. The statute, however, if valid, could not affect the case at bar, for it nowhere appears that any tax had ever been as-

sessed against the land in question; and, besides, this defendant has no title of record within the meaning of the statute. If it can be shown that defendant and those under whom he claimed had been in the continued, peaceable, adverse possession of a tract of land to a well defined marked boundary for 15 years before the institution of this suit, the same would be a good defense, unless the plaintiffs can show themselves entitled to some of the exceptions or saving clauses of the statute of limitations. These questions are, however, questions of fact, to be submitted under proper instructions to the jury. The fact that plaintiffs had sold the land in contest after the acts complained of, can not have the effect of defeating this action. For the reasons indicated, the judgment is reversed, and cause remanded for a new trial upon principles consistent with this opinion.

Whole court sitting.

Judge O'Rear dissents.