## FORDSON COAL CO. v. JACKSON.
## SAME v. ASHER.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

Nos. 4227, 4228.

**1. Judgment ⬦864(1)—Revival by succession of deceased plaintiff.**

Civ. Code Prac. Ky. §§ 401, 402, authorizing the revival of a judgment by the "successor" of a deceased plaintiff, applies only to the enforcement of the judgment for the direct benefit of the estate of the decedent or his devisees.

**2. Judgment ⬦864(2)—Revival of judgment in ejectment by successor in interest; procedure.**

A grantee of land, though one who established his title by a judgment in ejectment, but had not enforced the judgment before his death, is entitled under the Kentucky practice to a writ of possession in plaintiff's name for his use, on application to the court, and on notice to the adverse party and to the representatives of the deceased plaintiff or his successors in general title.

In error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Petition by the Fordson Coal Company for revival of judgments in favor of George V. Turner against Daniel Jackson and against Joseph Asher. From a judgment denying the petition, plaintiff brings error. Modified.

In No. 4227:

Wallace R. Middleton, of Detroit, Mich. (Cleon K. Calvert, of Pineville, Ky., and Clifford B. Longley, of Detroit, Mich., on the brief), for plaintiff in error.

Martin T. Kelly, of Pineville, Ky., for defendant in error.

In No. 4228:

W. R. Middleton, of Detroit, Mich. (Cleon K. Calvert, of Pineville, Ky., and Clifford B. Longley, of Detroit, Mich., on the brief), for plaintiff in error.

Martin T. Kelly, of Pineville, Ky. (E. L. Worthington, of Maysville, Ky., on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. [1]. In the court below, in 1909, Turner recovered an ejectment judgment against several defendants for a large tract of land. It adjudicated the title, directed the issue of a writ of assistance, and continued the cause for further proceedings for assessment of damages. No further proceedings were had until 1924, when the Fordson Company filed its petition, alleging that it was the purchaser of the land through mesne conveyances from Turner, that Turner had died, and that it was his successor in title, and asking that, pursuant to sections 401, 402, Civ. Code Prac. Ky., a writ of possession issue for its benefit according to the terms of the judgment. The District Judge thought that these sections applied only to the enforcement of judgments for the direct benefit of the immediate estate of the deceased (including devisees), and that plaintiff was not the "successor" intended by section 402; and for this reason denied the motion. We agree with this construction of this section; but the purchaser is not without remedy in such a case. He may not be entitled to have the judgment completely revived for his benefit, as he may not be interested in the recovery of damages; but clearly no one else is interested in the recovery of possession.

[2] As we understand the Kentucky practice, when the plaintiff who has recovered a judgment assigns that judgment, either directly or as incidental to a transfer of the underlying right, the remedy of the assignee is to apply to the court for enforcement process to be issued in the name of the plaintiff, but for the use and benefit of the assignee. Plainly, on such an application, notice must be given to both parties of record, since each may have adverse interest. When the plaintiff has died, notice must be given to his representatives or his successors in general title. If there has been a considerable interval and his estate has been settled, we see no reason why it would not be sufficient to give notice to those parties who through the disposition of the estate would have become owners of the claim if it had not been sold to the applicant, though in a particular case the trial judge may see that some further notice is necessary.

We think that this motion, though it purports to rest on the "successor" clause of section 402, should be considered as one intended to ask for the appropriate relief, that the petitioner should have leave, acting promptly, to amend its petition, by more specifically asking the relief we have indicated, that the order made denying its petition should be so modified as to permit such prompt amendment, and that further pro-

ceedings should be had accordingly. In view of the length of time now elapsed since the judgment was rendered, our mandate will issue forthwith.