### FORDSON COAL CO. v. JACKSON.

(Circuit Court of Appeals, Sixth Circuit. July 17, 1925.)

No. 4244.

1. **Assignments ⟺119—Assignee could, after assignment, prosecute action in assignor's name during his life, or be substituted for him as plaintiff.**

In suit to quiet title, where plaintiff, pending litigation, assigned his interest in the premises to another, assignee had the right, under Civ. Code Prac. Ky. § 20, to prosecute action in assignor's name during his life, or be substituted for him as plaintiff.

2. **Abatement and revival ⟺41—Plaintiff must still be in esse after transfer of his interest to permit proceedings to continue in his name.**

When interest of sole plaintiff has been transferred pending litigation, he must still be in esse, after the transfer, to permit proceedings to continue in his name.

3. **Abatement and revival ⟺41 — Substitution of real party in interest for nominal plaintiff might have been made at any time, but judgment rendered without substitution void.**

Where plaintiff in suit to quiet title, pending litigation, assigned his interest to another, and was continued as nominal plaintiff, though order of substitution might have been made at any time, under Civ. Code Prac. Ky. § 20, irrespective of section 509, limiting time for reviving action, judgment rendered without any substitution was void.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by the Fordson Coal Company, vendee of and successor to George V. Turner, deceased, against Mat Jackson. Judgment for defendant, and plaintiff brings error. Writ dismissed.

Cleon K. Calvert, of Pineville, Ky. (W. R. Middleton and Clifford B. Longley, both of Detroit, Mich., on the brief), for plaintiff in error.

Martin T. Kelly, of Pineville, Ky., for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This is an action at law to try title to real estate. It was brought April 24, 1909, by George V. Turner, who alleged that he was the owner and entitled to immediate possession of a tract of land upon which defendant Jackson had entered and detained the possession. Defendant answered, denying that plaintiff was the owner or entitled to possession of the land. He also interposed several affirmative defenses, upon which issue was joined. The first trial resulted in a judgment in favor of the plaintiff, which was set aside. On the retrial judgment was rendered for defendant on December 1, 1923, to review which this writ is brought.

[1] Defendant has asked a dismissal of the writ on the ground that the Fordson Coal Company was improperly substituted as plaintiff for Turner more than a year after his death. Counsel rely on section 509 of the Civil Code of Kentucky, which provides that an order to revive an action in the name of a representative or a successor of a plaintiff shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made. Turner conveyed his interest in the land April 13, 1910, to the predecessor of the Fordson Coal Company. He died in September, 1922, and the order reviving the action and substituting the Fordson Coal Company as plaintiff was not made until May 24, 1924. Under section 20 of the Kentucky Code of Practice the coal company had the right, after the assignment, to prosecute the action in Turner's name during his life, or to be substituted for him as plaintiff. It was under this permissible state procedure (Gerling v. B. & O. R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311) that Turner was continued as the nominal plaintiff, although the coal company was the real party in interest.

[2, 3] Turner was dead when the cause was tried and the judgment rendered. Upon his death the action was suspended temporarily. When the interest of the sole plaintiff has been transferred pending the litigation, he must still be in esse after the transfer in order to permit the proceedings to continue in his name. La Pointe v. O'Malley, 47 Wis. 332, 2 N. W. 632, and authorities cited. It was not necessary to have the action revived after Turner's death. The order of substitution might have been made at any time under section 20 of the Code, without regard to section 509; but no valid proceedings could be had on the merits until

such an order was entered. The case stands as if no judgment had been entered. The coal company has been substituted as plaintiff by the order of May 24th, but the writ of error must be dismissed, without costs, because the judgment it seeks to review is void.

Upon this record, the case stands in the court below undisposed of.