## Golden, et al. v. Blakeman.

(Decided February 3, 1928.)

### Appeal from Knox Circuit Court.

1. Limitation of Actions.—Constitution, sec. 251, and Ky. Stats., sec. 2377, prohibiting action to recover land held under Virginia patent issued before 1820 from one claiming under "title of record," unless brought within 5 years after adoption of Constitution or commencement of possession, apply only where defendant is holding under a patent issued by the commonwealth, if not violative of the Virginia compact.

2. Limitation of Actions.—One required by statute, such as Ky. Stats., sec. 2377, to base his claim to land on a "title of record" or a "public record" must trace his title back to a valid patent.

3. Limitation of Actions.—Kentucky patent issued in 1846 being junior to Virginia patent issued in 1787, and hence void under Ky.

Stats., sec. 4704, persons claiming thereunder have no "title of record," within Constitution, sec. 251, or Ky. Stats., sec. 2377, prohibiting action to recover land, held under Virginia patent issued before 1820, from persons claiming under such title, unless action be brought within 5 years from adoption of Constitution or commencement of possession.

4. Evidence.—It is matter of common knowledge that lands, titles to which were subject to forfeiture, under Ky. Stats., sec. 4076b et seq., for nonpayment of taxes, were in large part held adversely by occupants, who could prove no title in themselves, and hence could not bring themselves within protective provisions of section 4076g.

5. Champerty and Maintenance.—Plea of champerty cannot be interposed, under Ky. Stats., sec. 210, to commissioner's deed of land sold for nonpayment of taxes, under section 4076h; section 4076d meaning that only title or claim set up in petition can be forfeited and acquired by purchaser, except so far as affected by section 4076g, protecting adverse possessors.

6. Principal and Agent.—In suit to quiet title against junior patentee of land, conveyed to plaintiff by commissioner under tax sale pursuant to judgment in suit, under Ky. Stats., sec 4076b et seq., contention that plaintiff bought land through his agent, who transferred his bid to plaintff, is without merit; purchase by agent being purchase of plaintiff.

J. D. TUGGLE for appellants.

T. D. TINSLEY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this action against the appellants to quiet his title to a described boundary of land. The appellants by their answer and counterclaim asserted title to 54 acres of the tract described in the appellee's petition. On final submission, the court quieted the appellee's title to all the land described in his petition, including the 54 acres in controversy, and from that judgment appellants bring this appeal.

The facts are not in dispute. The appellee proved his title back to a patent issued to Maurice Nagle by the commonwealth of Virginia in 1787. A link in this chain of title is a commissioner's deed to the appellee under a sale held pursuant to a judgment entered in a suit brought in accordance with section 4076b et seq. of the Statutes to forfeit the title of this Nagle patent for nonpayment of taxes. The appellants traced their title back

to a patent issued by the commonwealth of Kentucky in 1846. It is agreed that the possession of the appellants began in August, 1915, and ceased on May 24, 1920, during which time the appellants paid taxes on these 54 acres. To defeat the appellee's cause of action, the appellants relied on the limitations prescribed by section 251 of the Constitution and section 2377 of the Statutes, and the defense of champerty as set out in section 210 of the Statutes.

Section 251 of the Constitution reads:

"No action shall be maintained for possession of any lands lying within this state, where it is necessary for the claimant to rely for his recovery on any grant or patent issued by the commonwealth of Virginia, or by the commonwealth of Kentucky prior to the year one thousand eight hundred and twenty, against any person claiming such lands by possession to a well-defined boundary, under a title of record, unless such action shall be instituted within five years after this Constitution shall go into effect, or within five years after the occupant may take possession; but nothing herein shall be construed to affect any right, title or interest in lands acquired by virtue of adverse possession under the laws of this commonwealth."

Section 2377 of the Statutes, enacted to carry into effect this section of the Constitution, is quite similar in wording. It will be noted that this section of the Constitution provides that no action can be maintained for the recovery of land held under a Virginia patent issued prior to 1820 against a person claiming such lands under "a title of record." In the case of Shaw v. Robinson, 111 Ky. 715, 64 S. W. 620, 23 Ky. Law Rep. 998, which construed section 2377 of the Statutes, it was held that the expression "title of record" appearing in that section and in section 251 of the Constitution meant "a title derived from the commonwealth." The court in this Shaw case cited Clay v. Miller, 4 Bibb, 461, Lewis' Heirs v. Singleton's Heirs, 2 A. K. Marsh, 214, and Fairbairn v. Means, 4 Metc. 323, which construed the occupying claimant act of 1812 (2 Stat. Law, 1231), now section 3728 of our Statutes, and which held that the words "public record" in the expression in that act, "the owner, by reason of a claim in law or equity, the foundation of which being of public record," meant a patent

from the commonwealth. To the same effect is Winter-smith v. Price (Ky.) 66 S. W. 2.

It follows that if section 2377 of the Statutes and section 251 of the Constitution be not violative of the Virginia compact, a question we do not here decide, they only apply to where a defendant is holding under a patent issued by the commonwealth. Does such a patent have to be a valid one? It will be remembered that the patent under which the appellants claim was issued in 1846. It is a junior patent. The Nagle patent, issued by the commonwealth of Virginia in 1787, is the senior patent. Prior to 1835 the statutory law (Section 10 of the Act approved February 6, 1815, to be found in Morehead and Brown's Digest, Statute Laws of Kentucky, 1834, Ed. Vol. II, page 1022), provided, in substance, that junior patents were "inferior" to senior patents, but since 1835 the junior patents are void. The act of 1835 (Act approved February 28, 1835, to be found in Loughbrough Digest of the Statute Laws of Kentucky, 1842, page 386), which now substantially appears as section 4704 of our Statutes, provides, in substance, that only vacant land should thereafter be subject to appropriation, and that every patent thereafter issued should be void so far as it embraced lands previously entered, surveyed, or patented. In Caughlin v. Wilson, 167 Ky. 35, 180 S. W. 40, the court had before it a plea of limitations based on section 2513 of the Statutes, known as the "seven-year statute." The court first considered section 4704 of the Statutes and held that by its terms a junior patent was void. The court then said that the limitations provided for in section 2513 of the Statutes did not protect an occupant claiming under a void patent, and that where a patent was absolutely void the occupant claiming under it did not hold a title "deducible of record from the commonwealth" because as a matter of fact he held no title at all. In Sanford v. Lewis, 167 Ky. 459, 180 S. W. 776, the same question was presented as in the Caughlin case, supra. The court there said:

"The record shows that the land in question was originally patented in the year 1804. The patent under which defendants claim was not issued until the year 1897. The land having been previously surveyed and patented, the patent issued to Mrs. Eades was void. The seven-year statute of limitation provided for in section 2513, Kentucky Statutes, does not apply to or protect an occupant

under a void patent, as the claimant under such a patent has no title deducible from the commonwealth."

In McMillan's Heirs v. Hutcheson, 4 Bush, 611, the court said:

"Hutcheson has no documentary title, his survey and patent being utterly and absolutely 'null and void.' He stands, therefore, in this contest, just as he would had he never procured a survey or patent; and as he has had no title derived from the commonwealth, the limitation of seven years for the protection of actual settlers under any such title does not apply to his settlement under his void patent, which conferred no right or title, and placed him in no better or more meritorious condition than a settler without any documentary claim."

See, also, Davidson v. Coombs, 5 Ky. Law Rep. 812.

From these cases, it appears that the rule is that where a person is required by statute to base his claim on a "title of record" or on a "public record" he must trace his title back to a valid patent. As the appellants claim under a patent issued in 1846, and as this is a junior patent which under the act of 1835 is a void patent, it follows that the appellants have no "title of record," within the meaning of section 251 of the Constitution or section 2377 of the Kentucky Statutes, for which reason these sections afforded the appellants no defense to the appellee's cause of action.

The next question for determination is whether the defense of champerty, interposed by the appellants, is good or not. This defense is based on the fact that at the time the commissioner's deed to the appellee mentioned above was executed, the appellants were in adverse possession of the land in controversy. It is conceded that the defense of champerty is, ordinarily, not available as against a commissioner's deed executed under a sale held pursuant to a judgment in a judicial proceeding. Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S. W. 329; Preston v. Breckinridge, 86 Ky. 619, 6 S. W. 641, 10 Ky. Law Rep. 2; Carlisle v. Cassady, 46 S. W. 490, 20 Ky. Law Rep. 562. It is argued, however, that this court in the case of Kentucky Union Co. v. Commonwealth, 128 Ky. 610, 108 S. W. 931, 110 S. W. 398, 33 Ky. Law Rep. 9, 49, 587, held that the defense of champerty was avail-

able as against a commissioner's deed executed pursuant to a judgment of sale entered in a suit brought under the provisions of section 4076b et seq. of our Statutes. It is true that a large part of the latter portion of the opinion in that case is devoted to that proposition, but the court in the earlier part of the opinion said that the questions before it for determination were: (1) Was the act of 1906 (K. S. sec. 4076b et seq.) constitutional? (2) Was the judgment erroneous in that it failed to set out how much of the land in question had been held in adverse possession for a period of five years or more by persons who had paid taxes thereon during that period? And (3) could the court enter a judgment of sale at the same term at which the judgment of forfeiture was entered? It is plain that the question of champerty was not before the court, and that the portion of the court's opinion dealing with that question was pure dicta. In the case of Davidson v. Lewis, 159 Ky. 798, 169 S. W. 538, this same judgment of the Kentucky Union Company case, supra, was involved. In the Davidson case it was sought to mandamus the circuit judge to enter certain judgments of sale in the Kentucky Union Company case, supra, after it had been to this court and the Supreme Court of the United States. Judge Lewis resisted the attempt to compel him to enter the judgments of sale upon the ground that they failed to exclude those lands held adversely for a longer period than five years, during which time taxes had been paid by the occupants. It will be remembered that under the act of 1906, if the forfeited title be not redeemed by the owner of the title within the time prescribed by that act, the forfeited title inures to the benefit of and is vested in those who have held actual adverse possession of the land for five years next preceding the judgment of forfeiture under claim or color of title derived from any source whatsoever, and who or those under whom such holder claims have paid taxes thereupon for the five years in which such possession may have been or may be held. Section 4076g, Kentucky Statutes. In this Davidson case, we held that, although the judgments did not exclude such lands, it was nevertheless the duty of the court to enter the judgments of sale so tendered. We said:

> "The purchaser at this sale will not, by virtue of his purchase or its confirmation by the court, be authorized to oust any of these claimants (five-year

adverse holders who have paid taxes) of their possessions or interfere with their holding. The purchaser will only acquire title to so much of this land as is not held by the class of occupants described in section 4076g. He will buy the land subject to the rights of these occupants. The statute so declares, providing that the deed to the purchaser 'shall operate to transfer to said purchaser such title and claim to the land so forfeited and transferred to, and vested in, the commonwealth as remains in it after the operation of section 4076g of this article.' . . . The purchaser will only get title to so much of the land as these occupants are not entitled to hold, and the occupants can only be ousted when it is shown by the purchaser that they do not come within the saving of the section under which they hold. If they do not come within the saving of this section (4076g), then of course they are not protected in their occupancy by it."

The court in this opinion ignored the dicta in the Kentucky Union Company opinion, and its language as to the rights of a purchaser at a sale of these forfeited lands is entirely incompatible with the idea that the defense of champerty is available as against any commissioner's deed such purchaser would receive under such sale. In the case of Kentucky Coal Lands Co. v. Baker, 155 Ky. 344, 159 S. W. 943, the court went into a lengthy investigation of the evidence and held that under it the claimant had occupied the land for more than five years and had paid taxes thereon, thus bringing it within section 4076g of the Statutes. Had the defense of champerty been available against the commissioner's deed made to Baker and covering three-sixths of the lands involved, this investigation into the evidence would not have been necessary as the purchaser would have been barred by the defense of champerty. In the case of Eastern Kentucky Coal Lands Corp. v. Commonwealth, 127 Ky. 667, 106 S. W. 260, 108 S. W. 1138, 32 Ky. Law Rep. 129, 33 Ky. Law Rep. 49, the act of 1906 was upheld as a revenue raising measure. Section 7 of that act (Laws 1906, c. 22, art. 3), now section 4076h of the Statutes, provides that whatever title has been forfeited to the commonwealth, pursuant to the provisions of the act, and which has not been purchased back by the owner or claimant as provided for in the act, or which has not vested in the occupant as provided in section 6 of the act,

now section 4076g, shall be sold to the highest and best bidder for cash in hand. This section indicates that in order to realize the revenue which it was the purpose of the act to secure for the commonwealth, the lands unless they were redeemed by their owner, in which event the commonwealth would get its taxes, or unless they vested in the occupants in accordance with section 4076g of the act, in which event the commonwealth had already gotten its taxes, should be sold. It is and was at the time of the passage of the act of 1906 a matter of common knowledge that the lands, title to which were subject to forfeiture under the act of 1906, were in large part held adversely by occupants who could prove no title in themselves, and who could not bring themselves within the provisions of section 4076g. Therefore, to say that the defense of champerty could be interposed to a commissioner's deed executed under a sale held pursuant to the provisions of section 4076h of this act, would be to defeat the very purpose of the act because a purchaser could hardly be found for such a forfeited title if he knew that when he went to get possession of the land which he had bought he would be met by the defense of champerty interposed against his commissioner's deed. The only suggestion why the defense of champerty could be interposed to this kind of a judicial sale when it cannot be so interposed to the ordinary judicial sale is that made by this court in the dicta in the Kentucky Union Company case. In section 3 of the act, now section 4076d of the Statutes, it is, among other things, provided:

"The petition of the plaintiff shall allege the facts constituting the cause of forfeiture under the provisions of this article, and there shall be filed with it a copy of the grant or instrument upon which the title or claim sought to be forfeited is based; and no other title, claim or possession, or continuity thereof, whether owned or claimed by the defendant or by others, shall be forfeited or in any manner affected by said proceeding."

It seems to us that this part of section 4076d, when read in the light of the rest of the act, means that only such title or claim as is set up in the petition can be forfeited, and that the purchaser at the sale thereafter to be held will acquire only such title or claim as is set up in the petition, but that such purchaser will get that title or claim except in so far as it is affected by section 4076g.

If the person occupying the land holds under a title or claim not described or set out in the petition, the judgment of forfeiture will not affect that title or claim nor will the judgment interrupt the running of any limitations then applicable. But this does not mean that the ordinary rule that the defense of champerty cannot be interposed to a commissioner's deed executed under a sale in a judicial proceeding should not apply.

Some contention is made that the appellee at the judicial sale held under the judgment of forfeiture here involved bought this land in through his agent who transferred his bid to the appellee. There is no merit in this contention, for under the familiar rules of agency the purchase by the agent was the purchase of the appellee.

We are therefore of the opinion that the defense of champerty is likewise not available to the appellants. It results therefore that the judgment of the lower court quieting the title of the appellee is correct, and it is affirmed.

Whole court sitting.