## BINGHAM v. FORDSON COAL CO.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1928.

No. 4896.

1. Judgment ⟨⇒⟩866(2)—On motion to revive judgment in ejectment by grantee, service of summons on vendee of defendant contesting motion held unnecessary to stop running of limitation (Ky. St. § 2514).

Though motion for revival of judgment in ejectment establishing plaintiff's title could not be sustained under Civ. Code Prac. Ky. § 402, by grantee of deceased plaintiff as successor, relief could be granted by order substituting grantee as plaintiff for deceased plaintiff and issuing execution in name of substituted plaintiff or in name of deceased plaintiff for use and benefit of grantee, and, to do this and stop running of statute of limitation (Ky. St. § 2514), in favor of purchaser of one of defendants in ejectment, it was not necessary to serve summons on such purchaser, where defendant under whom he claims was before court and contested motion.

2. Judgment ⟨⇒⟩866(2)—Purchaser from defendant in ejectment held not to have shown that motion to revive judgment was barred by limitations (Ky. St. § 2514).

On motion to revive judgment in ejectment by grantee of deceased plaintiff, purchaser of one of defendants in ejectment held not to have shown that that motion to revive judgment was barred by 15-year statute of limitations (Ky. St. § 2514).

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Petition and motion by the Fordson Coal Company for revival of judgments in favor of George V. Turner against Joseph Asher and others, wherein D. M. Bingham, a vendee of Joseph Asher, filed a petition to be made a party in opposition to the motion. Judgment for plaintiff, and D. M. Bingham brings error. Affirmed.

E. L. Worthington, of Maysville, Ky. (Martin T. Kelly, of Pineville, Ky., on the brief), for plaintiff in error.

Cleon K. Calvert, of Pineville, Ky. (W. R. Middleton and C. B. Longley, both of Detroit, Mich., and J. G. Bruce, of Pineville, Ky., on the brief), for defendant in error.

Before DENISON, MOORMAN and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. On November 24, 1909, Turner obtained a judgment in ejectment against Joseph Asher and others for a tract of land. Execution was never issued on the judgment, but on June 23, 1924, the Fordson Coal Company, claiming through mesne conveyances from Turner, filed a petition and motion, under section 402, Civil Code of Kentucky, asking for a writ of possession for the land for its benefit according to the terms of the judgment. The District Court ruled that the petitioner was not the "successor" of Turner under the Code provision relied upon, and overruled the motion. The order was brought in review to this court. Fordson Coal Co. v. Asher (C. C. A.) 2 F.(2d) 466. The mandate of this court was filed in the lower court on November 22, 1924. Prior to that time, however, on November 18, 1924, the coal company had filed in the lower court an amendment to its original motion, at which time it gave notice to the plaintiff in error, a vendee of Asher, and to others, of the filing of its motion and of an order entered thereon setting the hearing on the motion for the 1st day of Decem-

ber, 1924. On the latter date the hearing was passed, and on January 31, 1925, plaintiff in error filed a "petition to be made a party" in opposition to the motion, setting up several grounds of defense thereto. Upon some of these grounds issue was joined and a trial had, resulting in a judgment for the coal company. To two of the paragraphs of the petition demurrers were sustained. Of the rulings of the court in sustaining the demurrers, the plaintiff in error complains.

[1, 2] The questions raised by the demurrers relate to the operation of the Kentucky statutes of limitation, which limit the time in which an action upon a judgment or decree shall be commenced to the first 15 years after the cause of action accrued. Ky. Stat. § 2514. It is contended by plaintiff in error that proceedings looking to the issuance of an execution on a decree or a judgment is an action which, under section 39 of the Kentucky Code, can be commenced only by filing in the office of the clerk of the appropriate court a petition or pleading, and by causing "a summons to be issued, or a warning order to be made, thereon"; that no action was commenced in this case as to plaintiff in error on June 23, 1924, because he was not a party to or given notice of that proceeding, nor on November 18, 1924, because, as the mandate of this court had not then been filed in the lower court, the proceedings had and the order entered on that day were void and of no effect; and that the order of December 1, 1924, did not relate back to November 18, when it was first entered, but was effective only from December 1, at which time more than fifteen years had elapsed since the execution might first have been issued.

We do not find it necessary to determine the effect of the order of November 18 in relation to the later action of the coal company of December 1 in renewing its motion. While it was held in the Asher Case that the original motion could not rest on the "successor" clause of section 402 of the Code, it was also held that it "should be considered as one intended to ask for the appropriate relief," and the petitioner should have leave, acting promptly, to amend its petition by more specifically asking the relief to which it was entitled. In Fordson Coal Co. v. Jackson (C. C. A.) 7 F.(2d) 117, it was held that, while an action might not be prosecuted in the name of a plaintiff after his death, it was not necessary to have it revived, and that under section 20 of the Civil Code of Kentucky his assignee might be substituted as the party plaintiff. In that case the plaintiff Turner (also the plaintiff here) had died before judgment, and the action was prosecuted in his name to a judgment. In the case at bar, the judgment was rendered before Turner's death; and, while in the Asher Case we thought the motion could not be sustained under the section of the Code on which it was based, we distinctly held that it "should be considered as one intended to ask for the appropriate relief." Such relief could have been granted by an order substituting the Fordson Coal Company as plaintiff for Turner, and by issuing an execution in the name of the substituted plaintiff or in the name of Turner for the use and benefit of the plaintiff. To do this and stop the running of the statute of limitation in favor of plaintiff in error, it was not necessary to serve a summons on him, since he claimed under Joseph Asher, who was before the court and contested the coal company's motion. As the original motion is to be treated as asking for that relief, though not granted, it is also to be treated, we think, as commencing action for it against the plaintiff in error as well as against Asher. If, however, this be not true, then the action was commenced against plaintiff in error on November 18, for he cannot be permitted to say that the proceedings of June 23d were not against and therefore did not bind him, and at the same time say that, because of the pendency of that proceeding in this court, the District Court had no power to entertain a proceeding against him. In either view the action must be treated as having been instituted within fifteen years from the rendition of the judgment.

The judgment is affirmed.