### FORDSON COAL CO. v. JACKSON.

Circuit Court of Appeals, Sixth Circuit. June 6, 1929.

No. 5154.

J. G. Bruce, of Pineville, Ky. (Cleon K. Calvert, of Pineville, Ky., Clifford B. Longley, of Detroit, Mich., and Wallace R. Middleton, of Detroit, Mich., on the brief), for appellant.

Martin T. Kelly, of Pineville, Ky., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. After the decision of this court in 7 F.(2d) 117, the Fordson Coal Company was substituted for George V. Turner as plaintiff in the court below. Trial was then had without further change in the pleadings. The land in dispute is within the boundary of a patent issued by the state of Virginia to Benjamin Say. The plaintiff claimed title through a sale of this grant to Turner made pursuant to a judgment rendered in proceedings instituted under sections 4076(b)–4076(k) of Kentucky Statutes known as the Forfeiture Act. The answer asserted ownership in defendant by adverse possession of three tracts of land within this grant. It set up the further defense that the sale to Turner was champertous and void as to these tracts because of the adverse occupancy thereof by defendant at the time of the sale. By reply plaintiff admitted defendant's ownership of two of the tracts, but denied that he owned the third or that he had possession of it at the time of the sale to Turner.

At the conclusion of all the evidence, the plaintiff asked for a directed verdict. The trial court was of opinion that defendant, and those under whom he claimed, had not paid the taxes on this land for five years next preceding the judgment of sale under the Forfeiture Act, and therefore that he did not acquire title by virtue of the sale. It was of the further opinion that there was evidence tending to show that he was in possession of the land claiming it as his own at that time, and hence submitted this latter question to the jury, holding that the champerty statute (section 210, Ky. Stat.) applies to sales under the Forfeiture Act, and that, if defendant was in the adverse possession of the land at the time of the sale in question, the purchaser did not acquire title.

The point in controversy is whether the inclosures which defendant made on this tract were mere "escapements" from the two adjacent tracts which he owned, as in Lumber Co. v. Asher, 295 F. 268 (6 C. C. A.), or were independent entries under claim of ownership to the lines of a deed which he held or to a boundary which he had so clearly marked and defined as to put the holder of the Say patent on notice of his claim. See Burt & Brabb Lumber Co. v. Sackett, 147 Ky. 232, 144 S. W. 34, and Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629. There was supporting evidence on each side of this issue, and we accept the finding of the jury as binding.

The plaintiff now contends, however, that the court erred in charging the jury that the title did not pass under the commissioner's deed, if defendant was in the adverse possession of the land at the time the deed was made, and it cites in support of this contention a recent decision of the Court of Appeals of Kentucky holding that the champerty statute does not apply to a sale made pursuant to the Forfeiture Act. Golden v. Blakeman, 223 Ky. 517, 3 S.W.(2d) 1095. That decision supports the position that plaintiff has taken, although it had been thought theretofore, because of the decision in Kentucky Union Co. v. Commonwealth, 128 Ky. 610, 108 S. W. 931, 110 S. W. 398, that the statute was applicable. Counsel for plaintiff, at the time of the trial, were evidently of opinion, the Golden Case not then having been decided, that the Kentucky Union Co. Case was controlling. They took no exception to the charge on the ground that the statute was inapplicable. They did except to it "on the ground that the enclosures on the land in controversy are not of sufficient extent to warrant that instruction as to all the land in controversy." This exception only went to the question of the extent of possession, and had no bearing upon the applicability of the statute as a matter of law.

Had the question been presented to the court by a proper exception, we would feel inclined to follow the latest decision of the state court construing the statute, although it overruled an earlier decision, though in that case we would not regard the later decision as absolutely binding. Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359. That situation, however, does not confront us, for the action of the court was at most an error of law to which there was no exception, and which under familiar rules is not subject to review on this appeal.

The judgment is affirmed.